[Civ. No. 30418.   Second Dist., Div. Five.   Mar. 12, 1968.]

ROSS LEO et al., Plaintiffs and Appellants, v. NINA DUNLAP, Defendant and Respondent.

William M. Sternfeld and Ellis J. Horvitz for Plaintiffs and Appellants.

Parker, Stanbury, McGee, Peckham & Garrett, Roger W. Roberts and James R. Mead for Defendant and Respondent.

AISO, J. pro tem.*—In this personal injury action, originally filed in the municipal court, plaintiffs Ross Leo and Mary Leo appeal from a judgment of the superior court entered upon jury verdicts finding against each of them and in favor of defendant Nina Dunlap, and from an order (of the municipal court) granting defendant's motion to set aside the ''default judgment.''

*In limine* the attempted appeal ''from the order of the court made on August 9, 1963, granting defendant's motion to set aside the default judgment'' must be dismissed. Although both the notice of motion and the order use the respective terms ''setting aside the default judgment'' and ''set aside Default Judgment,'' no default judgment appears in the record. Apparently there was none. The request for entry of default was filed by plaintiffs on July 9, 1963, and the notice of motion to vacate by defendant on July 24, 1963. Treating the order of August 9, 1963, as an order granting a motion to vacate a default upon which no judgment was given (as the parties and the municipal court apparently did), it is not an appealable order. (*Davis* v. *Taliaferro* (1963) 218 Cal. App.2d 120, 122 [32 Cal.Rptr. 208]; *Esquivel* v. *Raney* (1951) 106 Cal.App.2d 162, 163 [234 P.2d 63]; *Hughson* v. *Superior Court* (1932) 120 Cal.App. 658, 659-660 [8 P.2d 227].) The propriety of such an order, however, may be raised in the appeal from a judgment adverse to the party resisting the motion. (*Bernards* v. *Grey* (1950) 97 Cal.App.2d 679, 683 [218 P.2d 597]; *Hughson* v. *Superior Court, supra.*)

Plaintiffs' sole contention on this appeal is that the

---

*Assigned by the Chairman of the Judicial Council.

municipal court prejudicially erred in making its order of August 9, 1963, setting aside defendant's default entered on the plaintiffs' original complaint and granting defendant permission to file her answer.

The plaintiffs originally filed this action for personal injuries and property damage in the Municipal Court of the Los Angeles Judicial District on May 7, 1963. Defendant was served with summons and complaint on May 25, 1963. Her default for failure to file a timely answer was entered on July 9, 1963. Her motion for relief from default and for permission to file answer was submitted on August 6, 1963, and the order granting her relief over the plaintiffs' opposition was made by the municipal court on August 9, 1963.

On December 2, 1963, plaintiffs moved for permission to file an amended complaint. This motion was granted and a transfer to the superior court was ordered by the municipal court since the amount prayed by each plaintiff in the amended complaint exceeded the $5,000 monetary jurisdiction of the municipal court. (Code Civ. Proc., §§ 89, subd. (a), 396.) The declaration of attorney Sternfeld in support of plaintiffs' motion stated that the reason for requesting permission to file an amended complaint was that originally both plaintiffs and their counsel believed that plaintiffs' damages flowing from the injuries received in the automobile accident would not exceed the monetary jurisdictional limit of the municipal court. "However, in the last six months since the filing of the complaint, both plaintiffs have continued with medical treatment and have found that they were more seriously injured than thought originally, and both plaintiffs have been required to be treated for their injuries to the extent that plaintiff Ross Leo's medical expenses exceeded $1,100.00, and that plaintiff Mary Leo's medical expenses have exceeded $1,200.00 and she is still under treatment.

"By reason of the foregoing, your declarant believes that plaintiffs' respective claims for general damages far exceed the monetary jurisdictional limit of the Municipal Court, and that fairness and justice require that they be permitted to amend their complaints for $10,000.00 and $25,000.00 respectively."

Paragraph IX of the original complaint alleged and the prayer asked for $5,000 general damages for plaintiff Ross Leo. Paragraph X of the original complaint alleged and the prayer asked for $5,000 general damages for plaintiff Mary Leo. The original complaint also set forth allegations and the

prayer asked for medical and incidental expenses and loss of earnings of both plaintiffs according to proof, and for plaintiff Ross Leo's property damage to and loss of use of his automobile according to proof. Paragraph XV contained a waiver: ''In the event that damages for each of the plaintiffs respectively exceed the sum of $5,000.00, each of the plaintiffs waives any and all sums in excess thereof for each of their person[s].''

The amended complaint changed the respective sums of $5,000 general damages for each plaintiff to $10,000 for plaintiff Ross Leo and to $25,000 for plaintiff Mary Leo, respectively, in paragraphs IV and X thereof and in the prayer. It also omitted paragraph XV of the original complaint waiving sums in excess of $5,000 for each plaintiff.

Defendant answered the amended complaint in the superior court, a pretrial conference was held on May 3, 1965, and the case went to trial before a superior court jury, with the jury returning adverse verdicts against both plaintiffs on July 2, 1965. Judgment on the verdicts was entered on July 6, 1965.

Plaintiffs now claim that the municipal court order of August 9, 1963, was erroneous because of the lack of a valid affidavit of merits being on file at the time defendant's motion to vacate the default was heard. However, it is unnecessary to determine this contention, because plaintiffs' amendment of their complaint on December 2, 1963, opened up the default and eliminated the original complaint from being any basis for a judgment.

''It is settled by a long line of decisions that where, after the default of a defendant has been entered, a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default. [Citations omitted.] The reason for this rule is plain. A defendant is entitled to opportunity to be heard upon the allegations of the complaint on which judgment is sought against him. His default on the original complaint is limited in its effect to that complaint, and if by amendment a matter of substance is added he should be given the opportunity to contest the same before any judgment is given against him on account thereof.'' (*Cole* v. *Roebling Constr. Co.* (1909) 156 Cal. 443, 446 [105 P. 255].) (Accord: *Thompson* v. *Cook* (1942) 20 Cal.2d 564, 568 [127 P.2d 909]; *Stack* v. *Welder* (1935) 3

Cal.2d 71, 75-76 [43 P.2d 270] ; *Tidwell* v. *Hendricks* (1954) 124 Cal.App.2d 64, 65-66 [268 P.2d 84].)

Plaintiffs' amendment of their pleadings increasing defendant's exposure to liability from a top limit of $10,000 ($5,000 for each plaintiff) to $35,000 ($10,000 for Ross Leo and $25,000 for Mary Leo) in addition to special damages consisting of medical expenses[1] and incidentals, loss of earnings, property damage and loss of use of car, according to proof, was one of substance. Even in contested cases the amount of recovery is limited generally by the prayer (*Singleton* v. *Perry* (1955) 45 Cal.2d 489, 499-500 [289 P.2d 794]), and in default cases the amount may not exceed that shown to be due by the complaint as a matter of jurisdiction (*Flores* v. *Smith* (1941) 47 Cal.App.2d 253, 260 [117 P.2d 712] ; Code Civ. Proc., § 580; cf. *Burtnett* v. *King* (1949) 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333]). The change certainly was not an amendment "merely as to a matter of form, or in respects that are immaterial insofar as the defaulting defendant is concerned" (2 Chadbourn, Grossman and Van Alstyne, California Pleading, (1961) § 1110, p. 357).

As explicitly set forth in counsel's declaration supporting plaintiffs' motion for permission to file the amended complaint, the request was due to plaintiffs' damages turning out to be more aggravated than they and their counsel had anticipated at the time they filed their original complaint. In other words, the amendment was initiated as a voluntary act on the plaintiffs' part.

Should it be assumed *arguendo* that plaintiffs would not have amended their complaint had it not been for the order of the municipal court opening up defendant's default, they are not in a position to propound such a contention at this time. Their position is analogous to a party who has filed an amended pleading after a demurrer is sustained. Having filed the amended pleading, he may not urge upon appeal that the superseded pleading was good. (*Rolley, Inc.* v. *Merle Norman Cosmetics, Inc.* (1954) 129 Cal.App.2d 844, 852 [278 P.2d 63, 282 P.2d 991] and cases there cited.)

Instead of standing upon their original complaint and going to trial thereon, plaintiffs elected to amend their pleading in substance, thereby rendering the original complaint *functus officio* and granting the defendant the right to be served with the amended complaint (Code Civ. Proc.,

[1]Already $1,100 for Ross Leo and $1,200 for Mary Leo by November 13, 1963.

§ 1010) and to answer to the amended complaint, on which the case was duly tried. Whether error was committed by the municipal court in making its order of August 9, 1963, is therefore moot.

The judgment is affirmed; the attempted appeal from the nonappealable order of August 9, 1963, is dismissed.

Kaus, P. J., and Hufstedler, J., concurred.