[Civ. No. 56005. Second Dist., Div. Four. May 6, 1980.]

CLARENCE C. BROWN, Plaintiff and Appellant, v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Defendant and Respondent.

COUNSEL

Lipton & Margolin, Hugh A. Lipton, H. Neil Margolin and Keith A. Bregman for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter and Peter Abrahams for Defendant and Respondent.

**OPINION**

**JEFFERSON (Bernard), J.***—Plaintiff Clarence C. Brown filed a complaint for personal injuries against defendant Pacific Telephone and Telegraph Company, a California corporation, on October 16, 1975. The complaint sought damages for a slip and fall accident which had occurred on defendant's premises on October 17, 1974.

Plaintiff did not serve defendant with a copy of the summons and complaint until March 15, 1978. After receiving an extension of time in which to plead, defendant, on May 18, 1978, filed a motion to dismiss plaintiff's action for lack of prosecution pursuant to Code of Civil Procedure section 583, subdivision (a).[1]

Before the hearing on defendant's motion, on June 9, 1978, plaintiff filed a request for entry of default, and default was duly entered that day.

On June 13, 1978, defendant filed an answer to the complaint. On June 28, 1978, the trial court vacated the entry of default upon petition by the superior court clerk alleging it had been entered inadvertently due to clerical error.

On July 21, 1978, after hearing, the trial court granted defendant's motion to dismiss plaintiff's action for lack of prosecution and the order of dismissal was entered. Plaintiff has appealed from the order of dismissal which we affirm.

I

*Vacating the Default*

Raising the issue for the first time on appeal, plaintiff contends that the court erred in vacating the default which had been entered. Plaintiff relies on Code of Civil Procedure section 585, subdivision 2, which provides, in pertinent part, for the entry of defendant's default if the

---

*Assigned by the Chairperson of the Judicial Council.

[1]That subdivision provides that "[t]he court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."

defendant fails to answer the complaint, "[i]n other [than contract] actions, if the defendant has been served, other than by publication, and no answer, demurrer, notice of motion to strike (of the character hereinafter specified), notice of motion to transfer pursuant to Section 396b, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section 418.10[2] or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed with the clerk or judge of the court within the time specified in the summons, or such further time as may be allowed, . . ." In such a case, the clerk, or the judge if there be no clerk, upon written application of the plaintiff, shall enter the default of the defendant.

In the case at bench, the summons provided for responsive action within 30 days, i.e., to April 15, 1978, as it was served on March 15, 1978. Plaintiff did extend time to May 17, 1978, for defendant to plead. But on May 18, 1978, defendant filed the motion to dismiss, a one-day lapse of which plaintiff does not complain. The defendant's default was entered on June 9, four days *before* defendant filed its answer to the complaint.

It is well established, plaintiff argues, that the entry of a valid default in favor of plaintiff effectively terminates a defendant's right to take further affirmative action. Here, the trial court mistakenly—and apparently without notice to the parties—vacated the default on the ground that defendant's motion to dismiss the action was a responsive pleading which would bar entry of default pursuant to Code of Civil Procedure section 585. But that section does not include such a motion as an appropriate responsive pleading. Plaintiff, therefore, takes the position that the trial court erred in vacating the default and that such error was jurisdictional in the sense that its decision on July 21, 1978, granting defendant's motion to dismiss must be held to be void and of no effect.

It is true that the clerk's entry of default "cuts off the defendant's right to take any further affirmative steps such as pleading or motion. . . ." (4 Witkin, Cal. Procedure (2d ed. 1971) § 148, p. 2809.) At this point, a defendant must proceed by proper motion to establish his entitlement to relief from the default taken "through his mistake, inadvertence, surprise or excusable neglect." (Code Civ. Proc., § 473.)

---

[2]Section 418.10 deals with motions to (1) quash service of summons on the ground of lack of jurisdiction of the court or (2) to dismiss (or stay) the action on the ground of inconvenient forum.

No case has been called to our attention that deals with the problem created by the *erroneous vacation* by a court of a default. But what case law that exists on the subject of defaults suggests that entry of a default is not jurisdictional in the sense that it precludes a court from taking further action. There is decisional law which holds that if, after a defendant's default has been entered, a plaintiff amends his complaint in some substantial manner, he "opens the default" and defendant may then plead in timely fashion to the new complaint. (See, e.g., *Linott* v. *Rowland* (1897) 119 Cal. 452, 454 [51 P. 687]; *Leo* v. *Dunlap* (1968) 260 Cal.App.2d 24, 27 [66 Cal.Rptr. 888].)

Some early case law accepted the principle that a plaintiff could waive the entry of a defendant's default by accepting pleadings from a defendant or proceeding with the litigation by trial. (*Hestres* v. *Clements* (1863) 21 Cal. 425, 426; *Madison* v. *Octave Oil Co.* (1908) 154 Cal. 768 [99 P. 176].)

While the cases holding that a defendant's default may be waived have involved subsequent affirmative action by the plaintiff in whose favor the default was entered, it is our conclusion that a failure of a party to assert a valid claim in the trial court that a default has been properly entered in the face of knowledge that such default has been erroneously vacated by the *trial court*, also constitutes a waiver.

■ It is significant that, in the case at bench, plaintiff took no action in the trial court to challenge the propriety of the trial court's order vacating the default, but, for the first time, has raised the issue here. Several viable alternatives were open to plaintiff. Plaintiff could have made a motion to strike the defendant's answer, challenging the legality of the trial court order vacating the default. (*Cuddahy* v. *Gragg* (1920) 46 Cal.App. 578, 580 [189 P. 721].) Instead, however, plaintiff chose to proceed, *on the merits*, with the hearing on the motion to dismiss. In so doing, plaintiff thereby waived the right to complain on this appeal of the trial court's erroneous action.

Had the matter been brought to the trial court's attention, plaintiff may well have prevailed on its motion to strike, and defendant would have had the burden of establishing the requisite showing pursuant to Code of Civil Procedure section 473. In any event, plaintiff should not have advanced its contention on this appeal as the first attack on the legality of the trial court's order that vacated entry of default.

## II

### Discretion of the Court

█ Plaintiff also contends that the trial court abused its discretion in granting defendant's motion to dismiss for lack of prosecution. In opposing such a motion, the plaintiff had the "burden of showing excusable delay" in proceeding with the litigation. (*Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 418 [134 Cal.Rptr. 402, 556 P.2d 764].) Plaintiff presented to the trial court the affidavit of one of his attorneys, claiming that the delay was occasioned by the plan to gather the necessary medical information with a view toward settling the matter and avoiding overburdening the trial court. The affidavit also set forth that an associate in the law firm had been away from the office for a year and that there had been some difficulty with secretarial help.

It has been aptly stated that "[s]ubdivision (a) [of Code Civ. Proc., § 583] places no restrictions on the exercise of the trial court's discretion and it will be disturbed only in cases of *manifest abuse*." (*Sanborn, supra,* 18 Cal.3d 406, 416, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 563-564 [86 Cal.Rptr. 65, 468 P.2d 193].)

The trial court exercises its discretion as to dismissal for lack of prosecution by reference to the factors set forth in rule 203.5(e) of California Rules of Court.[3] Plaintiff's principal explanation of delay was that of the press of other business, coupled with disruption of office personnel. It was stated in *Lopez v. Larson* (1979) 91 Cal.App.3d 383, 399-400 [153 Cal.Rptr. 912], a case very similar procedurally to the case at bench, that "[i]t is true that a number of cases have indicated that a court may consider as a factor in justification of prosecutorial de-

---

[3]That portion of the rule provides that "the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."

lay an exceptional press of business or burdensome workload on plaintiff's attorney and his law firm. [Citations.] In all of the cited cases, however, the unusual press of business or burdensome workload of the plaintiff's attorney or his law firm was only one among several factors justifying the delay.... This statutory purpose relating to the prompt administration of justice has taken on added significance in the wake of the law explosion and the resulting backlog of cases in the courts. An attorney owes an obligation not only to his client but also to the courts and the justice system not to undertake legal representation in matters unless he has adequate time to pursue the matter with reasonable diligence. When an attorney takes on more than he can properly handle, he jeopardizes both his client's cause and the public interest in sound and efficient administration of justice."

We agree with the *Lopez* rationale. It is our view that an attorney must have adequate time to pursue the matter and adequate staff to do the same.

We point out that the *Lopez* case also stated that a long delay in serving a summons and complaint "constitutes a particularly pernicious form of delay in terms of potential prejudice" to a defendant (91 Cal. App.3d at p. 402) because, without awareness of the pending suit, the passage of time may effectively preclude a defendant from adequately preparing his defense; witnesses may disappear and evidence may be lost. This may well be particularly true when a slip and fall accident is the subject of the litigation, and obviously much emphasis would be placed on the condition of defendant's premises at the time the injuries were sustained.

We find no manifest abuse of discretion in the trial court's ruling that plaintiff had not presented adequate justification for the two-year-six-month delay in service of process.

The judgment is affirmed.

Files, P. J., and Burke (M. L.), J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.