[No. AO23304. First Dist., Div. Five. Dec. 13, 1983.]

ROBERT B. HANSEN et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
DELMA LEON HESKETT et al., Real Parties in Interest.

**COUNSEL**

Martin, Ryan & Andrada, Gerald P. Martin, Jr., Bishop, Barry, Howe & Reid, Michael L. Marx and Robert A. Seligson for Petitioners.

No appearance for Respondent.

Jonathan J. Zerin for Real Parties in Interest.

**OPINION**

**HANING, J.**—Petitioners (the Hansens) are defendants in a civil action. They did not make timely response to certain requests for admissions submitted under Code of Civil Procedure section 2033. By petition for extraordinary writs they seek review of respondent court's orders declaring most of the requests admitted and denying the Hansens' motion for relief from the consequences of their initial failure to respond. We conclude that the requests for admissions were not in proper form and therefore should not have been deemed admitted. Accordingly, we direct issuance of a peremptory writ of mandate.

Heskett and his corporation (real parties in interest) sued the Hansens on usury theories. It appears that in 1977 the Hansens bought real property from Heskett's brother and then leased it to Heskett with a purchase option, and that in 1981 Heskett exercised the option and bought the property from the Hansens. In 1982 Heskett brought this action, upon the theory that the transaction had in fact been a disguised loan by the Hansens to Heskett at usurious rates, and sought recovery of treble damages, "interest" paid, other compensatory damages and substantial punitive damages.

On March 8, 1983, Heskett served a court paper titled "Interrogatories and Requests for Admissions" on the Hansens. The paper begins with two

and one-half pages of instructions, admonitions, and definitions. Near the middle of the second page the following paragraph appears: "Each of the following questions beginning with the phrase 'Do you admit' constitutes a request for the admission of fact under CCP section 2033. IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF SECTION 2033 OF THE CODE OF CIVIL PROCEDURE WITH RESPECT TO THESE RE-QUESTS FOR ADMISSIONS, EACH OF THE MATTERS OF WHICH AN ADMISSION IS REQUESTED WILL BE DEEMED ADMITTED." This admonition is followed by 25 lines of definitions extending over to the middle of page 3.

Beginning on page 3 the document sets forth 117 separately numbered inquiries, many of them with numerous subparts. Altogether the document is 71 pages long.

Buried among hundreds (counting subparts) of inquiries are a total of 19 which begin with the words "Do you admit" and which therefore presumably are intended to be requests for admissions. The first such request is numbered 28 (it is in fact the 36th inquiry) and appears on page 22f (actually the 31st page of the document). The rest of the "Do you admits" are numbered 29, 30, 31, 38, 39, 40, 41, 41.1, 42, 51, 54, 65, 67, 68, 69, 70, 72, and 94. It is fair to say that were it not for the presence or absence of the talismanic "Do you admit" it would often be difficult to distinguish interrogatories from requests for admissions in this set.

When he received this document counsel for the Hansens (Andrada) advised counsel for Heskett (Zerin) that Andrada was going to trial in another matter. Andrada was in that trial from March 14 through April 1. Andrada claims that he and Zerin maintained "amicable" communication throughout the 30-day response period specified for requests for admissions. (Code Civ. Proc., § 2033, subd. (a).) But apparently no request for extension was made.

On April 13, Zerin wrote to Andrada stating that "[t]he answers were due by April 7 . . . and have not yet been received in this office. [¶] As a result of your client's default, all objections he might have raised to any of the requests or interrogatories were deemed waived. . . . In addition, the requests for admissions were deemed admitted, pursuant to CCP Section 2033." Zerin went on to mention an unanswered request for production. He closed with a reference to rule 222.1[1] and advised that if he did not

---

[1]Rule 222.1 of the California Rules of Court states: "A motion to compel answers or further answers to interrogatories or requests for admissions or to protect the responding party shall include a declaration stating facts to show that prior to the filing thereof counsel for the moving party made a reasonable attempt to resolve the objections and disputed issues

have "your client's responses to these discovery requests within 7 days" he would seek an appropriate order. It is not clear that this last statement referred back to the requests for admissions, although the Hansens assert that it amounted to an extension through April 20 for responses to the requests for admissions.

On April 14 Andrada called Zerin and asked for a 10-day extension. Zerin refused: He told Andrada "to answer 'forthwith' and to 'just get the answers in.'"

Andrada met with Mr. Hansen on April 18 and dictated responses; on that day he advised Zerin by letter that the responses would be served "in the next few days." Then on April 20 (according to counsel for the Hansens) the tape on which the responses had been dictated "became mangled within the dictating machine" and had to be sent to the manufacturer to be salvaged. Ultimately the responses were served on May 12.

Meanwhile, on April 18, Heskett served a "notice that requests for admissions are deemed admitted" under Code of Civil Procedure section 2033. On April 20 Heskett noticed a motion to (among other things) declare the requests admitted. On April 22 the Hansens noticed a "motion for relief from failure to respond to requests for admissions." Respondent court granted Heskett's motion and denied the Hansens'. Subsequently respondent court denied the Hansens' motion for reconsideration.

This writ petition followed.

■■ Because requests for admissions are more closely akin to summary adjudication procedures than to orthodox discovery, being designed not so much to "discover" the facts and to expedite trial preparation as to render it unnecessary to try an otherwise triable issue of fact or law (cf., e.g., *Burke* v. *Superior Court* (1969) 71 Cal.2d 276, 282 [78 Cal.Rptr. 481, 455 P.2d 409]; *International Harvester Co.* v. *Superior Court* (1969) 273 Cal.App.2d 652, 655 [78 Cal.Rptr. 515]; *Lieb* v. *Superior Court* (1962) 199 Cal.App.2d 364, 367 [18 Cal.Rptr. 705]; 2 Hogan, Modern Cal. Discovery (3d ed. 1981) Requests for Admission, § 9.01, p. 133), we do not apply the rule that a reviewing court should rarely interfere with pretrial

with opposing counsel but the attempt was unsuccessful. If the court finds that there was no good reason for the refusal or failure to resolve the matter, it may order any persons at fault to pay to the moving party the amount of reasonable expenses incurred in making the motion including reasonable attorney's fees."

discovery orders, particularly where such orders operate to *grant* discovery. (Cf., e.g., *West Pico Furniture Co.* v. *Superior Court* (1961) 56 Cal.2d 407, 415 [15 Cal.Rptr. 119, 364 P.2d 295].) ■ Instead, we follow general principles: "'Although it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can be exercised in only one way.' [Citations.]" (*Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579 [114 Cal.Rptr. 106, 522 P.2d 666].)

Section 2033 provides in part that requests for admissions will be deemed admitted, if certain time limits are not met, provided that the original request contained substantially the following words at the end thereof: "'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted' . . . ." (Code Civ. Proc., § 2033, subd. (a).) ■ The Hansens argue that the requests for admissions cannot be deemed admitted because the caveat required by the section did not appear *"at the end"* of the request. Their argument is directly supported by *Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286 [190 Cal.Rptr. 853].

In *Hernandez* the caveat appeared as the last sentence of a paragraph of introductory remarks in a request for admissions served by defendants on certain plaintiffs; "[a] second introductory paragraph defined the term 'intersection.' Thereafter, 11 matters were listed as to which admissions were requested." (*Hernandez* v. *Temple, supra,* 142 Cal.App.3d at p. 288.) The document contained no further warning. Plaintiffs did not respond to the request for admissions. Defendants ultimately obtained summary judgment based in part on an assertion that the requests had been deemed admitted.

The Court of Appeal reversed. The court approved the apparent conclusion in *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 246 [174 Cal.Rptr. 722], that the caveat need not be placed at the end of the list of enumerated requests so long as it appears at the end of "the request portion of the document," immediately before the "numbered requests." But the court rejected a proposal that "would allow the warning to be buried in the middle of a lengthy introductory portion of the document as long as the warning was placed immediately following language of request." (*Hernandez* v. *Temple, supra,* 142 Cal.App.3d at p. 290.) "We do not believe this latter construction was intended by the Legislature. . . . [T]he statute's requirement that the warning be placed at the end of the request portion of the document is unqualified. [¶] The law abhors forfeitures and requires strict construction of statutes imposing them. [Citation.] Because failure to re-

spond to a request for admissions under Code of Civil Procedure section 2033 will often result in judgment being entered against the party upon whom the request was served, section 2033 must be strictly construed. . . . Applying the principle that statutes imposing forfeitures must be strictly construed, we conclude that a warning contained in the middle of the introductory paragraphs of a request does not meet the legislative requirement that the warning be placed at the end of the 'original request.' Because respondents' warning was not located at the end of the 'original request' within the meaning of Code of Civil Procedure section 2033, the matters as to which admissions were requested have not been deemed admitted." (*Id.*, at pp. 290-291.)

Heskett questions neither *Hernandez*' validity nor its prima facie applicability to the situation in this action. He argues only that *Hernandez* (filed April 25, 1983) should not be applied retroactively. But Heskett acknowledges that "[a]s a general rule, decisions applying new constructions of statutory provisions are given retrospective effect." (*County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680-681 [312 P.2d 680]; cf. *Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 151-153 [181 Cal.Rptr. 784, 642 P.2d 1305].)

We agree with the *Hernandez* reasoning and deem it applicable to this action. We further note that Heskett's commingling of requests for admissions with interrogatories was unnecessarily confusing and had an impermissible tendency to mislead the recipient. While we see no need for a flat rule that interrogatories and requests for admissions must be submitted in separate documents, we would counsel proponents to group them separately and to take all other steps reasonably necessary to maintain the distinction between them. We find in this record and in the arguments of counsel no showing of equities sufficient to permit us to overlook these deficiencies in Heskett's documents. There is, for example, no basis for a conclusion that Heskett was significantly prejudiced by the Hansens' slow response. At the same time we should not be understood to condone dilatory response to properly-drafted requests for admissions. Such requests are a useful and important part of the dispute-resolution mechanism, entitled to the respect of both proponent and recipient.

Let a peremptory writ of mandate issue directing respondent court to vacate its orders, filed May 24, 1983, and corrected by further order filed June 9, 1983, granting Heskett's motion that certain matters be deemed admitted and denying the Hansens' motion for relief from default, and to enter a new order striking Heskett's purported requests for admissions with-

out prejudice to Heskett's right to submit the same or similar requests for admissions in compliance with applicable law.

Low, P. J., and King, J., concurred.