[No. B010554. Second Dist., Div. Five. Sept. 26, 1985.]

FRESHMAN, MULVANEY, MARANTZ, COMSKY, KAHAN &
DEUTSCH et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CARL H. KREUGER, Real Party in Interest.

226

**COUNSEL**

Murchison & Cumming, B. Eric Nelson, George M. Wallace, Saltzburg, Ray & Bergman, Horvitz & Levy, Ellis J. Horvitz, Frederic D. Cohen, S. Thomas Todd and Michael Nava for Petitioners.

No appearance for Respondent.

Jack A. Fuller for Real Party in Interest.

## OPINION

**LAVINE, J.**\*—Pursuant to order of the Supreme Court dated March 29, 1985, an alternative writ of mandate was issued requiring the trial court to vacate the motion of petitioners for relief from default pursuant to Code of Civil Procedure section 473, or to show cause why a peremptory writ of mandate should not issue.

### FACTS

Real party Carl Kreuger (Kreuger) is suing petitioner law firm for malpractice. The basic allegation of his suit is that Attorney Deutsch (Deutsch) of petitioners' law firm mishandled his divorce case and caused him to lose a significant amount of property (most notably, a residence worth over $1 million). Kreuger served on petitioners' requests for admissions (first request for admissions with 155 requests for admission plus subparts included in part A, and 50 requests for admission of genuineness of documents included in part B). Also included were interrogatories to be answered by petitioners should the responses to any of the requests for admission be in the negative.

On May 16 petitioners asked for an extension of time to respond, and an extension was granted to June 11. The responses were finally mailed to real party's counsel on June 15 and received June 20. Kreuger filed a motion to compel further responses to the first set of requests for admissions. At the same time, he served on petitioners a "First set; Revised" of further requests for admission, the object of which was to rewrite some of the requests in an attempt to deal with petitioners' objections. Pursuant to Code of Civil Procedure section 2033, responses to "First set; Revised" were due August 20, having been served July 20. Kreuger took the motion to compel further responses to the first set off calendar on September 16, 1984.

No responses to "First set; Revised" were made on or before August 20. On August 27 petitioners' counsel allegedly telephoned Kreuger's counsel and spoke to the receptionist, stating that the responses had been prepared,

\*Assigned by the Chairperson of the Judicial Council.

were being verified by the client, and would be forwarded "at the first opportunity." Petitioners' counsel states he told the receptionist to have Kreuger's counsel contact him if this was not satisfactory. On the same day, August 27, Kreuger served on petitioners a notice that the requests contained in the "First set; Revised" had been deemed admitted as to requests for admission Nos. 3, 7, 34, 35, 37, 46, 67, 69, 70, 73, 76, 88, and 97. Petitioners then served responses to the "First set; Revised" on September 4. On September 7 Kreuger served notice on petitioners that all the requests in the first request for admissions had been deemed admitted.

Petitioners filed on September 26 a motion for relief from default regarding requests for admissions contending the Code of Civil Procedure section 473 should be liberally construed to afford a trial on the merits, that the "First set; Revised" was not really a formal request but merely a rehash of the first request for admissions, and that the warning language required by section 2033 was not in the right place. The first request for admissions has warning language in three different places: the first being in the second paragraph of the first page at the end of the request but before the instructions; the second, at the end of part A namely the 155 request for admissions; and the third, at the very end of the document but after the interrogatories.

The warning in the "First set; Revised" is in the second paragraph of the first page, at the end of the request but before the instructions. There is a second warning on page 3 of the "First set; Revised," and not at the end of the document, which provides that the document contains requests which have been "REVISED TO RESOLVE THE OBJECTIONS RAISED THERETO BY THE RESPONDING PARTY. RESPONDENTS ARE AFFORDED AN OPPORTUNITY TO RESUBMIT APPROPRIATE RESPONSES IN GOOD FAITH. SHOULD RESPONDENTS FAIL TO COMPLY WITH THE PROVISIONS OF CCP 2033, THE PROPOUNDING PARTY WILL MOVE THE COURT FOR AN ORDER TO COMPEL FURTHER ANSWERS AND/OR REQUEST THAT THE PROPRIETY OF OBJECTIONS DEEMED TO BE IMPROPER WILL BE ADJUDICATED. FURTHERMORE, THE PROPOUNDING PARTY WILL REQUEST SANCTIONS AS PROVIDED BY STATUTE." This second warning to the "First set; Revised" contains no language about the requests being deemed admitted if they are not answered in 30 days.

The motion to be relieved from default under section 473 was denied by the court on December 4, 1984, and petitioners seeks this writ. Petitioners contend that failure to grant relief under section 473 is virtually equivalent to a forfeiture and results that petitioners will not be able to have their day of trial in court, since the admissions in question encompass the whole of

Kreuger's claims namely damages in the sum of $1.5 million as well as liability.

## ISSUES

1. Did any of the warning notice as prescribed in Code of Civil Procedure section 2033 appear in the correct place in the first request for admissions? Yes.

2. Did the warning notice as prescribed in Code of Civil Procedure section 2033 appear in the correct place in the "First set; Revised" request for admissions? No.

3. Did the actions of Kreuger in filing "First set; Revised" request for admissions, filing a motion to compel further responses to first request for admissions, taking the motion to compel further responses to first request for admission later off calendar, and filing a statement that requests were deemed admitted after responses to the first request were made, constitute:

a. Irrevocable election on part of Kreuger so as to bar the first request for admissions from being deemed admitted? No.

b. Waiver on part of Kreuger so as to bar the first request for admissions from being deemed admitted? Yes.

c. Estoppel on part of Kreuger so as to bar the first request for admissions from being deemed admitted? No.

4. Should peremptory writ of mandate be granted? Yes.

## DISCUSSION

1. *Did any of the warning notices as prescribed in Code of Civil Procedure section 2033 appear in the correct place in the first request for admissions? Yes.*

The correct placement of the warning notice in requests for admission has presented a problem for attorneys. Revised Code of Civil Procedure section 2033, subdivision (a) provides in part: "Each of the matters of which an admission is requested shall be deemed admitted, provided that the original request contained substantially the following words *at the end thereof:* 'If you fail to comply with the provisions of section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters

of which an admission is requested will be deemed admitted' . . . ." (Italics added.)

In *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 246-247 [174 Cal.Rptr. 722], the statutory warning in a request for admissions which included interrogatories was placed at the end of the introductory material, but before the numbered requests for admissions. The court stated that this placement of the warning notice was correct at page 246: "Section 2033 provides that *original request* must contain the magic words at the end thereof. We are satisfied that defendants complied with the section. . . . The required statement is at the end of the request portion of the document. The numbered requests then follow. Plaintiff could not have been misled and would have been clearly warned in compliance with section 2033."

In *Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286 [190 Cal.Rptr. 853], the appellate court reverse a summary judgment in favor of defendants based on certain matters deemed admitted because plaintiffs failed to respond to requests for admissions within the statutory period. The warning words were placed in the last sentence of the first paragraph of the original request but before the final paragraph, and the majority held this to be improper placement. The dissent urged that the warning was placed in a proper portion of the document.

In *Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823 [197 Cal.Rptr. 175], the "Interrogatories and Requests for Admissions" contained two and one-half pages of instructions, admonitions and definitions. Near the middle of the second page the warning words appeared, followed by 25 lines of definitions extending over to the middle of page 3. The trial court had entered an order declaring most of plaintiff's requests for admission to have been admitted, and denied defendants' motion for relief from failure to make such response. After agreeing with the reasoning of *Hernandez, supra,* 142 Cal.App.3d 286, and *Billings, supra,* 120 Cal.App.3d 238, the court granted a writ of mandate directing the trial court to vacate its order granting the motion that certain matters be deemed admitted and vacate its order denying the motion for relief from default, stating at page 829: " 'Applying the principle that statutes imposing forfeitures must be strictly construed, we conclude that a warning contained in the middle of the introductory paragraphs of a request does not meet the legislative requirement that the warning be placed at the end of the "original request." Because respondents' warning was not located at the end of the "original request" within the meaning of Code of Civil Procedure section 2033, the matters as to which admissions were requested have not been deemed admitted.' "

Supplement, June 1984, to California Civil Discovery Practice (Cont.Ed.Bar) states in section 3.21, page 50: "Strictly construed against the propounding party, the warning must appear at the end of the set of requests for admission. This means that the warning must come either at the end of the enumerated requests or at the end of explanatory and introductory matter immediately before the enumerated requests. *Hansen* v. *Superior Court . . . Hernandez* v. *Temple . . . .*"

The supplement, June 1984, *supra,* section 9.9, pages 117-118, contains a model form for requests for admission which places the warning language at the very end of the document just before the signature clause.

■ In the first request for admissions, the first warning language is misplaced, as not comporting with the ruling in *Hernandez* and *Hansen.* The second warning, being at the end of the first part of the 155 requests for admission but before part B, arguably complies with the requirement. The third warning, being at the very end of the document and after the admissions, should certainly comply with the requirement. It may be argued that since it follows the interrogatories, rather than being at the end of the enumerated requests for admissions, it is confusing to petitioner. However, Kreuger has avoided the criticism levelled in *Hansen, supra,* 149 Cal.App.3d 823, where interrogatories were mixed in with requests for admission by clearly separating the interrogatories. Thus *Hansen, supra,* at page 829, states: "We further note that Heskett's commingling of requests for admissions with interrogatories was unnecessarily confusing and had an impermissible tendency to mislead the recipient. While we see no need for a flat rule that interrogatories and requests for admissions must be submitted in separate documents, we would counsel proponents to group them separately and to take all other steps reasonably necessary to maintain the distinction between them."

In no way could petitioner have been confused in the first request for admissions by the triple warning language, and hence such request meets the statutory standard.

2. *Did the warning notice as prescribed in Code of Civil Procedure section 2033 appear in the correct place in the First set; Revised request for admissions? No.*

■ In the "First set; Revised" request for admissions the warning language appears before the detailed instructions and thus fails to meet the standards of *Hernandez, supra,* 142 Cal.App.3d 286, and *Hansen, supra,* 149 Cal.App.3d 823. The second warning is devoid of any of the statutory

language. For this reason we hold that petitioners are not deemed to have admitted any of the requests contained in "First set; Revised." However, to the extent that any of the requests contained in "First set; Revised" duplicate any requests in the first request for admissions, the ineffectiveness of the "First set; Revised" does not affect the first request for admissions.

The 1978 revision to section 2033 was a large step forward in eliminating the uncertainty that has surrounded requests for admissions in California (and likewise in the Fed. Rules Civ.Proc.) since the inception of this mode of discovery (if indeed this be deemed a discovery tool). We respectfully suggest to the Legislature and the Judicial Council that, in view of the confusion among lawyers as to the appropriate placing of the warning language of section 2033, the time is ripe to go back to the drawing boards and devise a model optional form for requests for admission and warning language that will accomplish the following goals: (a) provide certainty to the bench and bar, particularly when interrogatories are utilized in the same document with requests for admission; and (b) be located at a place and mode within the document that give clear warning to the person responding to the requests. (See Code Civ. Proc., § 2036.5.)

3. *Did the actions of Kreuger in filing "First set; Revised" request for admissions, filing a motion to compel further responses to first request for admissions, taking the motions to compel further responses to first request for admissions later off calendar, and filing a statement that requests were deemed admitted after responses to the first request were made, constitute:*

a. *Irrevocable election on part of Kreuger so as to bar the first request for admissions from being deemed admitted? No.*

After receiving tardy responses to the first set of requests for admissions on June 20, Kreuger filed a motion to compel further responses to the first set and also served the "First set; Revised" rather than at that time filing a notice that the requests contained in the first set were deemed admitted. It was not until September 7 that Kreuger served notice on petitioners that all the requests in the first request for admissions had been deemed admitted.

Section 2033, subdivision (a) presently provides that upon failure of a party served to answer or to file objections within the period designated in the request, the party making the request may serve a notice in writing that the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Code of Civil Procedure section 473 unless a motion requesting relief is served and filed within 30 days. Petitioners did

file a motion under section 473 within 30 days of being served with the September 7th notice of Kreuger.

No time limit is provided in section 2033, subdivision (a) within which the party making the request can serve the "deemed admitted" notice. Since there is no time limit, Kreuger had the legal right to serve such notice at any time unless barred from doing so under the peculiar facts by the doctrines of election, waiver or estoppel.

■ Petitioner urges that Kreuger made an irrevocable election of remedies by first choosing to file a motion to compel further responses to the first request for admissions, rather than initially serving a document that the unanswered requests are deemed admitted. The doctrine of election of remedies has been much criticized and is falling into disrepute. A person should be entitled to change alternative remedies until one of his rights prove inconsistent, or is barred under the doctrine of waiver or estoppel. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 113, p. 982.) There may be situations where it is appropriate for a party to file a motion to compel further responses and later to file a statement that certain unanswered requests are deemed admitted. Therefore any rule compelling irrevocable election would be unfair and unwise. We do not find that there has been any irrevocable election on the part of Kreuger.

b. *Waiver on the part of Kreuger so as to bar the first request for admissions from being deemed admitted? Yes.*

■ Petitioners urge in reply to opposition to petition for writ of mandate that Kreuger's efforts to compel further responses to interrogatories and the serving of the "First set; Revised" constitute a waiver of his right to stand on the "deemed admissions." Kreuger responds that petitioners did not raise the waiver defense in the court below but rather alleged estoppel. Since the facts argued by petitioners to constitute estoppel are much the same as those that may constitute waiver, we will consider the waiver argument.[1]

■ A definition of "waiver" is set forth in *Roesch v. De Mota* (1944) 24 Cal.2d 563, 572 [150 P.2d 422]: "Waiver is the intentional relinquishment of a known right after knowledge of the facts." *Crest Catering Co. v. Superior Court* (1965) 62 Cal.2d 274 [42 Cal.Rptr. 110, 398 P.2d 150] holds at page 278: "A waiver may occur (1) by an intentional relinquishment or (2) as 'the result of an act which, according to its natural import,

---

[1]See footnote 1 of Justice Hastings' concurring opinion.

is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.'"

■ Were the acts of Kreuger in filing a notice to compel further answers, coupled with the serving of the "First set; Revised," such conduct as to be so inconsistent with an intent to enforce the right to serve a "deemed admitted" notice as to induce a reasonable belief in petitioners that such right has been relinquished? Certainly the acts of Kreuger were proper with regard to extending usual courtesies to attorneys, yet diligently carrying out discovery.

■ This is a close analogy to the situation where a defendant who has been properly served with summons and complaint files an answer after the statutory time but before any request to the clerk to enter the default has been made. The clerk is not authorized to enter the default under this situation. (See *Reher* v. *Reed* (1913) 166 Cal. 525, 528 [137 P. 263].) The same rule applies when a default judgment is entered or sought to be entered, when the answer is filed before a proper default has been entered. (*Baird* v. *Smith* (1932) 216 Cal. 408, 409 [14 P.2d 749].)

■ Carrying the analogy to a complaint and belated answer even further, even if a default has been entered default is considered as waived if the plaintiff later amends his complaint in a significant fashion. (See *Leo* v. *Dunlap* (1968) 260 Cal.App.2d 24, 27 [66 Cal.Rptr. 888]; *Brown* v. *Pacific Tel. & Tel. Co.* (1980) 105 Cal.App.3d 482, 486 [164 Cal.Rptr. 445].)

■ Filing a motion to compel further responses to the first request for admission after petitioner had filed belated responses under the facts at bar constitutes a waiver on the part of Kreuger to contend that the responses to the first request for admission were filed belatedly and hence are deemed admitted. Not only is it inconsistent with taking a position that the late responses are deemed admitted, but it has a strong tendency to mislead petitioners, as discussed *infra*. The later step of Kreuger in serving a "First set; Revised" also constitutes a second waiver. This is analogous to the filing of a substantial amended complaint after a default has been taken to the original complaint. Since filing of an amended complaint opens up the default and constitutes a waiver, by analogy the filing of the "First set; Revised," which contains a somewhat substantial change from the first request for admission in that supposedly objectionable material is revised, opens up default resulting from belated furnishing of responses to the first request for admissions.

California Rules of Court, rule 339 states in part: "A motion to compel or limit discovery shall include a declaration or affidavit stating facts to

show that prior to filing the motion counsel for the moving party made a reasonable attempt to resolve the objections and disputed issues with opposing counsel in person, by telephone or by letter, but the attempt was unsuccessful. . . ." Thus, the Judicial Council has announced its policy, also imposed even prior to rule 339 (and its precedessor former rule 222) by certain other superior courts, requiring counsel to make a good faith attempt to resolve the discovery dispute before moving the court for relief. Kreuger and petitioners entered into this process of endeavoring to resolve the discovery dispute in the sense that the belated responses to the first request for admissions contained certain objections; and therefore Kreuger, by filing the "First set; Revised," made a good faith effort to meet certain of these objections.

If the rule were followed that either party acts at peril in seeking to resolve a discovery dispute when the original responses were filed one day or more late, this would be in conflict with the sound Judicial Council policy of encouraging out-of-court resolution of discovery disputes. Parties would be engaged in motions before the court rather than endeavoring to resolve discovery disputes amicably. ■ The theory of both California and federal discovery is that such discovery will be conducted by the parties with only an occasional intervention by the courts when the parties are unable to settle their differences. (See committee note of 1983 to new subdivision (g) of rule 26, Fed. Rules Civ.Proc., 4 Moore's Fed. Practice, par. 26.01[35], p. 26-55.) California no longer even requires or permits discovery papers to be initially filed with the clerk except for good cause. (See Code Civ. Proc., § 2033, subd. (a).)

■ If Kreuger's position were to be adopted by the court, as a logical consequence a litigant in Kreuger's position could proceed to obtain eventual belated responses to the "First set; Revised" as well as the first request for admissions, wait until 60 days before trial and then file his statement that certain requests are deemed admitted. It is true that Kreuger acted fairly yet diligently with regard to this discovery, but we must evaluate the issue of waiver under the totality of the situation. No party with responses to a request for admission filed even one day late could ever be free of the danger of the opponent "dropping the bomb" sometime before the trial. For these reasons, under a liberal construction, we consider the totality of Kreuger's acts constitute a waiver so as to bar the first request for admissions from being deemed admitted.

c. *Estoppel on part of Kreuger so as to bar the first request for admissions from being deemed admitted? No.*

■ As stated above, even though Kreuger's acts of pursuing inconsistent remedies do not constitute irrevocable election, yet under proper cir-

cumstances the facts underlying election may constitute estoppel to change of remedy. ■ Examples of such estoppel by election are: the obtaining of a writ of attachment constitutes an election equivalent to estoppel later to assert a tort remedy (*Roam* v. *Koop* (1974) 41 Cal.App.3d 1035, 1040 [116 Cal.Rptr. 539]); obtaining immediate possession of personal property under the provisional remedy of claim and delivery likewise constitutes an election equivalent to estoppel (*Martin Music Co.* v. *Robb* (1931) 115 Cal.App. 414, 422 [1 P.2d 1000]); and the obtaining of an injunction constitutes estoppel to later seeking arbitration (*Writers Guild* v. *Screen Gems* (1969) 274 Cal.App.2d 367, 374 [79 Cal.Rptr. 208]).

■ There is no showing that the serving of the "First set; Revised" or the filing of a motion to compel further responses to the first set caused petitioners to perform more work and incur expense than petitioners otherwise would justifiably do and incur. Petitioners were the parties who were tardy and who allegedly made insufficient responses to the first set. Whether or not the "deemed admitted" notice was served on petitioners, the latter would have had to perform the same amount of work at some time or other. The fact that petitioners have performed work and incurred expense in filing a section 473 motion does not constitute additional work caused by Kreuger's acts, for whether Kreuger had filed his "deemed admitted" notice in June rather than September petitioners would have had to perform substantially the same amount of work in making their section 473 motion.

Hence Kreuger is not estopped by his acts from the first request for admissions as being deemed admitted.

4. *Should peremptory writ of mandate be granted? Yes.*

In *Hansen* v. *Superior Court, supra,* 149 Cal.App.3d 823, the requesting party had moved that certain matters be deemed admitted which the trial court granted, and the petitioners had moved the trial court to be relieved from default which the trial court denied. The appellate court then issued a peremptory writ of mandate directing the trial court to vacate its orders granting the motion that certain matters be admitted and denying the motion for relief from default. In the case at bar the posture of the parties is somewhat different in that Kreuger has not made a motion below that certain requests be deemed admitted. ■ No such motion by the requesting party is now required under the present section 2033.

■ The trial court did not err in refusing to grant petitioners' motion under section 473 as it lay within the sound discretion of the trial court to grant or deny such motion. Petitioners had been delinquent in responding

to both the first set and the "First set; Revised," although extension of time had been granted by Kreuger. Since petitioners did possess under the peculiar facts of this case the defense of waiver to their otherwise unjustifiable conduct, we grant the peremptory writ of mandate.

However, we do not mean to condone the actions of petitioners in serving late responses to the first requests for admission, and again serving late responses to "First set; Revised." Lengthy requests for admission and/or interrogatories quite often require requests for extension of time to respond and/or answer be made to one's opponent before the time expires, and such reasonable requests for extension of time should be freely granted by counsel as was done here by Kreuger. In the event of a refusal, a suitable motion and request for additional time must be made to the trial court. We repeat the words in *Hansen,* 149 Cal.App.3d at page 829: "At the same time we should not be understood to condone dilatory response to properly-drafted requests for admissions. Such requests are a useful and important part of the dispute-resolution mechanism, entitled to the respect of both proponent and recipient."

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioners' motion for relief from default, and to enter a new order striking Kreuger's "First set; Revised" purported requests for admissions without prejudice to Kreuger's right to submit the same or similar requests for admissions in compliance with applicable law.

HASTINGS, J.—I concur in the result. While I can understand the concern expressed by the dissent, I see the facts differently and believe there are compelling reasons to reverse. ▮ First, waiver was clearly and in fact the only issue argued to the trial court at the hearing.[1] The facts support the argument. Second, because the issue is so close the court must not render a decision that would preclude a trial on the merits when it can prevent it under its discretionary powers. "It is the policy of the law to favor, wherever possible, a hearing on the merits, and appellate courts are much more

---

[1] We print the final portion of petitioner's argument. "But more importantly the argument that counsel does not address is the fact that he himself has acted in the past in such a way as to indicate that he accepts these responses as timely and proper. He did not respond to these by saying, 'I'm sorry. These are all admitted. Go away.' Rather, he addressed to the substances of the responses that were served upon him.

"He objected to the substance of those answers that were meet and confer occasions. There was a motion made and subsequently taken off calendar to compel further responses to these requests for admissions. There was the preparation and service of the revised set of requests. Everything indicated that counsel objected to the substance of the answers but not to their procedural propriety. And it was only after five months that counsel took his motion for further answers off calendar and gave notice that he deemed everything admitted."

disposed to affirm an order where the result is to compel a trial upon the merits than they are when the judgment by default is allowed to stand and it appears that a substantial defense could be made." (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854-855 [48 Cal.Rptr. 620, 409 P.2d 700].) Although *Weitz* was concerned with a default judgment the policy considerations apply with equal force to issues raised by our present case. Here if the admissions are deemed admitted the probable result is a default decision surpassing $1.3 million. I am satisfied Krueger waived the right to these extreme sanctions.

**ASHBY, Acting P. J.**—I respectfully dissent.

I am sympathetic to petitioner's predicament also but it is entirely of its own doing.[1] Petitioner failed to respond to the original request for admissions within the extended statutory period. Petitioner also failed to respond to the "First set; Revised" request for admissions within the statutory period. Petitioner moved for relief under section 473 and did not set forth proper grounds for relief. Petitioner withdrew the "First set; Revised" request for admissions from consideration by the trial court. In its argument to the trial court petitioner never even mentioned the term "waiver" and just barely preserved the issue for consideration by this court. Petitioner now asks this court to rescue it from the consequences of its omissions.

I am not willing to hold as a matter of law that by revising 14 of an original 155 requested admissions, a party intends to waive all 155 admissions plus 59 admissions of the genuineness of documents. Waiver is an intentional relinquishment of rights. Kreuger's actions do not constitute a waiver, they are merely some evidence of a possible intent to waive his rights.[2] How reasonable is it to assume as a matter of law that Kreuger

---

[1]We note that petitioner did not represent itself but was represented by other counsel at all stages of the discovery proceedings.

[2]As stated in *Graham* v. *Graham* (1959) 174 Cal.App.2d 678, 684 [345 P.2d 316], " " "Waiver" has been repeatedly defined as "the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances indicating an intent to waive." " ' " In other words, the party's conduct may warrant an inference of his actual intent. The conduct is not *the fact* which establishes the waiver; the conduct is *evidence of the fact* of intent, because "[w]aiver always rests upon intent." (*Roesch* v. *De Mota* (1944) 24 Cal.2d 563, 572 [150 P.2d 422]; *Kay* v. *Kay* (1961) 188 Cal.App.2d 214, 218 [10 Cal.Rptr. 196].)

We must presume the California Supreme Court had these principles in mind when it stated, in *Crest Catering Co.* v. *Superior Court* (1965) 62 Cal.2d 274, 278 [42 Cal.Rptr. 110, 398 P.2d 150], (cited p. 233, *ante*), that "[a] waiver may occur (1) by an intentional relinquishment or (2) as 'the result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.' " The reference to "induc[ing] a reasonable belief" must mean a reasonable inference by the trier of fact as to the party's intent, not the other party. (*Graham* v. *Graham, supra*, 174 Cal.App.2d at p. 684.)

intended to give up admissions on the original 155 matters plus 59 admissions of the genuineness of documents merely to attempt to get admissions on the 14 revised matters? A comparison of the original admissions with the 14 "First Set; Revised" admissions shows that none of the changes amounted to more than a superficial rewording which was not substantial or legally significant. Even if this could be called a waiver, it would be to the 14 matters only.

Nevertheless, the trial court did not find that Kreuger intended a waiver of the original request for admissions.[3] That may have been his intention, no matter how incredible that would be, but the trial court did not think so and the court was not required as a matter of law to find such an intent.

As to the "First set; Revised" request for admissions, at petitioner's request that was not considered by the trial court. Ordering the trial court to strike the revised request as defective would not be appropriate in this proceeding even if one could accept petitioner's implication that it did not understand that section 2033 sanctions were applicable.

A petition for a rehearing was denied October 28, 1985, pursuant to rule 27(e), California Rules of Court. The petition of real party in interest for review by the Supreme Court was denied January 16, 1986.

---

[3]For the record, it is noted that petitioner in his argument to the court misstated the evidence in claiming that Kreuger waited five months to give notice that the requested admissions were claimed admitted. Petitioner's response to the request for admissions after extensions of time was due on June 11. Kreuger served notice that they were deemed admitted on September 7. The actual time period was approximately 2 months and 26 days.