[Civ. No. 58716. Second Dist., Div. Five. June 10, 1981.]

ESTHER ANNE BILLINGS, Plaintiff and Appellant, v.
JOHN EDWARDS et al., Defendants and Respondents.

COUNSEL

Moriarity & Tepper, John L. Moriarity and Marc J. Poster for Plaintiff and Appellant.

Revere, Citron & Wallace and Douglas C. Berard for Defendants and Respondents.

OPINION

HASTINGS, J.—Defendants obtained a summary judgment against plaintiff Esther Anne Billings based upon facts deemed admitted by her because she failed to respond to defendants' request for admissions of fact. (Code Civ. Proc., § 2033.) After plaintiff's motion for relief under Code of Civil Procedure section 473 was denied she filed this appeal.

FACTS

Plaintiff and appellant commenced a personal injury action (slip and fall) against John Edwards, Kenny Edwards, Bryant Exterminators and John Edwards Pest Control, defendants and respondents. On May 18, 1979, Carol Laurie, an employee of defendants' counsel, served upon plaintiff's attorney, defendants' answer to the complaint. On the same date, according to defendants' counsel, another employee, Linda Hinton, in the same office, served upon plaintiff's attorney a request for admissions and corresponding interrogatories propounded upon the plaintiff by defendants in the matter.[1] The request for admissions was made pursuant to Code of Civil Procedure section 2033. The provisions

---

[1]Both services were made by mail.

of section 2033 that are pertinent to this appeal can be summarized as follows:

(a) A party to an action may serve on any other party a written request for the admission of the truth of any relevant matters.

(b) The request must contain *at the end thereof* notice that: "If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted."

(c) Each of the matters of which an admission is requested shall be deemed admitted unless, within a specified period (usually 30 days), the party to whom the request is directed serves either a denial of those matters, an explanation why the party cannot admit or deny those matters, or an objection to the request.

(d) "Upon failure of a party served with requests for admissions pursuant to this section either to answer or to file objections within the period as designated in the request or as extended by the court, the party making the request may then serve upon the other party a notice in writing by certified or registered mail, return receipt requested, notifying the party so served that the genuineness of such documents *or the truth of such facts has been deemed admitted. Once such notice is served, the party upon whom such notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting such relief is served and filed within 30 days after service of such notice.*" (Italics added.)

On June 22, 1979, defendants' counsel having received no response to the request for admissions, served upon plaintiff's counsel a notice of default by certified mail, return receipt requested. A copy of the request for admissions was attached to the notice. On June 25, 1979, the return receipt was signed by plaintiff counsel's secretary.

On August 9, 1979, defendants' counsel, having received no motion from plaintiff's counsel pursuant to section 473, filed a notice of motion for summary judgment based upon the admissions of plaintiff.[2] On August 22, 1979, plaintiff finally moved for relief under section 473. The

---

[2]The deemed admissions negated any cause of action against the defendants on the crucial issues of liability and damages.

motion was supported by a declaration of Diane L. Mounce, legal secretary for plaintiff's counsel. She stated that on August 10, when the notice of motion for summary judgment was received that she searched the file and discovered that the request for admissions had indeed been received, however, it was stapled with the answer to the complaint and was thought to be a part of the answer rather than a separate pleading.

John L. Moriarity, attorney for plaintiff, also filed a companion declaration stating that his secretary received the envelope allegedly containing the 30-day notice of default and that the secretary signed the receipt as requested, but the envelope did not contain the notice.

The trial court denied as "untimely" the motion for relief pursuant to Code of Civil Procedure section 473 and inasmuch as the admissions effectively eliminated any liability on the part of defendants, the court granted summary judgment to the defendants.

## Discussion

Once a party is served with notice of default under section 2033, he or she has only 30 days to file a motion for relief under section 473. Plaintiff argues that the Legislature never intended such an unfair forfeiture of substantive rights on a procedural technicality. She contends that the default provisions of section 2033 were clearly intended for the obstreperous litigant who despite two warnings nevertheless persists in refusing to participate in an important procedure for determining which issues are to be litigated in the lawsuit. Plaintiff claims she is not such a litigant and should not be deprived of her day in court.

The provision in section 2033 mandating that relief from default (pursuant to § 473) for failure to respond to requests for admissions must be filed in 30 days, was enacted as an urgency amendment in 1978. (Stats. 1978, ch. 12, § 3, p. 70, urgency, eff. Feb. 18, 1978; amended Stats. 1978, ch. 265, § 1, p. 549.) We disagree with plaintiff's argument concerning the legislative intent behind the amendment. Two cases, *Zorro Inv. Co. v. Great Pacific Securities Corp.* (1977) 69 Cal. App.3d 907, 914 [138 Cal.Rptr. 410], and *Kaiser Steel Corp. v. Westinghouse Elec. Corp.* (1976) 55 Cal.App.3d 737, 744 [127 Cal.Rptr. 838], had given the trial court power to relieve a party from the consequences of a defective response to a request for admissions. And *Kaiser*

further held that "the six-month limitation for exercise of judicial discretion to relieve from default pursuant to Code of Civil Procedure section 473 is inapplicable to action relieving from the consequences of a defective denial to a request for admissions." (55 Cal.App.3d at pp. 744-745.) The section as amended was obviously designed to restrict the trial court's power to relieve from default as interpreted in *Kaiser* and followed in *Zorro* by limiting section 473 relief to a period of 30 days from service of a "deemed admitted" notice.

In addition to the above reason for the amendment, it is also clear that the emergency legislation was designed to forcefully expedite a conclusion to this specific form of pretrial discovery. Early admissions of key facts or issues will inform all parties to the litigation of the merits of the case, and will hopefully lead to settlement or even dismissal of an action. Such a result is a positive step in alleviating the heavy case loads facing our courts, which is a problem of concern to the Legislature.

■ Cases cited by plaintiff stating that statutes pertaining to procedural rules must be liberally construed to avoid forfeiture of substantive rights are not in point. The language of section 2033 is clear and unambiguous and cannot be liberally construed to give a party more time to seek relief than is mandated. ■ Furthermore, the section is not as harsh as plaintiff contends. First, the request for admissions must notify the party served that failure to comply with the section will result in a requested admission being deemed admitted. Second, and most important, the Legislature, to insure due process and protection to the answering party, provided another safeguard. If there is no response to the requests within the designated time period, the requesting party may then serve a second written notice, by certified or registered mail, return receipt requested, notifying the party served that the truth of such facts *has been deemed admitted.* The section then provides that the defaulting party has only 30 days to seek relief under Code of Civil Procedure section 473.

■ Plaintiff's argument that she was denied relief because of technical mistakes is unconvincing. It was admitted that an envelope allegedly containing the notice of default was received. The envelope, placed in evidence as an exhibit, contained the name and address of the sender. If the envelope did not contain the notice, certainly the fact that it was certified with return receipt requested demanded action on the part of

the recipient to inquire of the sender the nature of the missing document.[3]

■ Plaintiff next contends that a strict interpretation of section 2033 violates her constitutional rights to due process and equal protection of the laws. Her argument concerning due process is that failure to give her relief from the default deprives her of a property right in violation of the Fifth Amendment of the United States Constitution. We outlined earlier in this opinion how due process protection had been written into the procedure by the Legislature, therefore this argument is basically incorrect.

Insofar as plaintiff's motion sought relief under section 473, the trial court was bound to deny it as untimely since it was filed in excess of 30 days after the "deemed admitted" notice. The only basis upon which plaintiff could seek relief from default at that point was the inherent equity power of the court to grant relief in cases of extrinsic fraud or mistake. ■ "Even though a party seeking relief from default bases his motion solely on section 473 of the Code of Civil Procedure, the court has power to treat the motion as one for equitable relief." (*Davis* v. *Thayer* (1980) 113 Cal.App.3d 892, 910 [170 Cal.Rptr. 328]); *Marianos* v. *Tutunjian* (1977) 70 Cal.App.3d 61, 64 [138 Cal.Rptr. 529].) There is nothing in the record before us to indicate the trial court considered whether there had been extrinsic fraud or mistake. Had it done so, based on the facts before us, it could have properly found that no such showing had been made. The court apparently believed that plaintiff's attorney had received the second written notice and had failed to act. "Ignorance of the law, at least where coupled with negligence in failing to look it up, will not justify a trial court in granting relief [citations], and such facts will certainly sustain a finding denying relief. [Citations.]" (*Security Truck Line* v. *City of Monterey* (1953) 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755].) In any event plaintiff is entitled to have the case remanded to the trial court for consideration of the sole issue of extrinsic fraud or mistake. If the court finds that the evidence does not support such equitable relief, then plaintiff's motion must be denied, and the summary judgment is affirmed. If relief is granted for extrinsic fraud or mistake the summary judgment is reversed.

---

[3]We are not unmindful of Evidence Code section 641 that a letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail. However, for the reasons stated above, plaintiff's inaction, after admitting receipt of the envelope, would hardly support a section 473 motion.

■ The equal protection argument is unpersuasive. Plaintiff, after stating the well known principles of equal protection, claims there is no rational basis for singling out requests for admissions and arbitrarily limiting the procedure for relief from default, to thirty days, when six months is allowed for other procedural defaults. The equality guaranteed by the equal protection clause is equality under the same conditions and among persons similarly situated. The Legislature may make a reasonable classification of persons and activities as long as the classification is not arbitrary and has a substantial relation to the legitimate object to be accomplished. (5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 341, p. 3635.) For reasons stated earlier in this opinion, the Legislature had a legitimate problem to remedy and section 2033 was its answer. We do not believe the section has established the kind of "class" that the equal protection clause is concerned with, but if it has, everyone within the class is certainly treated equally and in the same manner.

■ Plaintiff, in an argument raised only by a footnote in her opening brief, states: "It should also be noted that Defendants' request for admissions did not contain the statutory warning *at the end thereof* as required by Section 2033. While this is a technicality, nevertheless Defendants have all along sought to prevail in this lawsuit on just such technicalities."[4] Section 2033 provides that the *original request* must contain the magic words at the end thereof. We are satisfied that defendants complied with the section. (See exhibit A attached hereto.) The required statement is at the end of the request portion of the document. The numbered requests then follow. Plaintiff could not have been misled and would have been clearly warned in compliance with section 2033.

The order denying plaintiff's motion for relief is reversed and the matter is remanded for consideration on the merits as outlined herein. Each party to pay own costs on appeal.

Stephens, Acting P. J., and Ashby, J., concurred.

---

[4] See summary of paragraph (b) of section 2033 on page 242 of this opinion.

EXHIBIT A

REVERE, CITRON & WALLACE
LAWYERS
TWO CENTURY PLAZA, SUITE 610
2049 CENTURY PARK EAST
LOS ANGELES 90067
(213) 553-9200

ATTORNEYS FOR Defendants JOHN EDWARDS,
KENNY EDWARDS, BRYANT EXTERMINATORS
and JOHN EDWARDS PEST CONTROL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTHER ANN BILLINGS, | CASE NO:. NW C 40776 |
| Plaintiff, | REQUEST FOR ADMISSIONS |
| vs. | AND INTERROGATORIES |
| BULLOCKS WILSHIRE, et al., | PROPOUNDED TO PLAINTIFF |
| Defendants. | ESTHER ANN BILLINGS |

TO: PLAINTIFF ESTHER ANN BILLINGS AND TO HER ATTORNEYS OF RECORD HEREIN

The following interrogatories are propounded upon you by Defendants JOHN EDWARDS, KENNY EDWARDS, BRYANT EXTERMINATORS & JOHN EDWARDS PEST CONTROL in accordance with the provisions of § 2030(a) of the Code of Civil Procedure. In addition, the following Request for Admissions are propounded upon you to be answered within thirty (30) days after service thereof, in accordance with § 2033(a) of the Code of Civil Procedure. Each of the matters of which an admission is requested should be deemed admitted unless, within thirty (30) days after service thereof, you serve upon REVERE, CITRON & WALLACE, attorneys for defendants either (1) a sworn statement denying specifically the matters for which an admission is requested or setting forth in detail the reasons why you cannot truthfully admit or deny those matters, or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the requests shall be answered within the period designated and a denial shall fairly meet the substance of the requested admissions. When good faith requires that a party deny only a part of a matter of which an admission is requested, or that he qualify his response thereto, he shall specify so much of it as is true and deny or qualify only the remainder.

For the purposes of these Requests for Admissions and Interrogatories, "accident" means the incident, occurrence or omission upon which the action is based.

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF § 2033 OF THE CODE OF CIVIL PROCEDURE WITH RESPECT TO THESE REQUESTS FOR ADMISSIONS EACH OF THE MATTERS OF WHICH AN ADMISSION IS REQUESTED WILL BE DEEMED ADMITTED, OR ANY ONE OR ALL PROPOUNDED HEREIN.

DATED: May 17, 1979

REVERE, CITRON & WALLACE
BY: /s/_____
BARRY ZALMA
Attorneys for Defendants JOHN EDWARDS,
KENNY EDWARDS, BRYANT EXTERMINATORS
and JOHN EDWARDS PEST CONTROL