[No. B014652. Second Dist., Div. One. Feb. 26, 1986.]

MARIA LOPEZ et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SPECTRUM INVESTMENT CORPORATION, Real Party in Interest.

**COUNSEL**

Jeffrey L. Geren and Douglas C. Sohn for Petitioners.

No appearance for Respondent.

Bernard R. Schwam, Greines, Martin, Stein & Richland, Irving H. Greines, Alan G. Martin and Regina Covitt for Real Party in Interest.

**OPINION**

**SPENCER, P. J.—**

### INTRODUCTION

Petitioners Maria Lopez and Jose Guadalupe Lopez seek a peremptory writ of mandate directing respondent court to vacate its order denying pe-

titioners' motion for summary judgment and finding the request for admissions petitioners submitted to real party Spectrum Investment Corporation a nullity and to enter instead an order granting petitioners summary judgment on the basis of these admissions.

### PROCEDURAL BACKGROUND

Petitioners and their coplaintiffs, Lillian Lopez and Jose De Jesus Lopez, initiated suit against real party on July 23, 1981. Petitioners' coplaintiffs served real party with a request for admissions on January 10, 1985; petitioners served their own request five days later. Real party did not respond or object to either request for admissions.

On February 20, 1985, coplaintiffs served on real party's original and successor counsel by certified mail, return receipt requested, notice that the facts enumerated in coplaintiffs' request were deemed admitted. On February 21, petitioners served similar notice on the same individuals and in the same manner. In each instance, receipts were returned to the sender. Real party failed to move for relief pursuant to Code of Civil Procedure section 473 within 30 days, as required by Code of Civil Procedure section 2033, subdivision (a).

On April 3, 1985, coplaintiffs moved for summary judgment against real party. The motion was based on the facts enumerated in coplaintiffs' request for admissions and thereafter deemed admitted. Petitioners also moved for summary judgment at this time. The facts enumerated in their request for admissions, and subsequently deemed admitted, formed the basis for their motion also. The matter was set for hearing on May 9, after which it was continued to June 10, 1985.

On May 30, 1985, real party filed written opposition to coplaintiffs' motion for summary judgment. The motion was opposed solely on the ground that the statutory warning recited in coplaintiffs' request for admissions was improperly placed and hence failed to give adequate warning in compliance with Code of Civil Procedure section 2033, subdivision (a). Petitioners and coplaintiffs respectively filed a response to this opposition. At no time did real party expressly oppose petitioners' motion for summary judgment. Coplaintiffs' request for admissions recited the statutory warning at the end of introductory paragraphs, setting forth the factual enumerations requested to be admitted on successive pages. Petitioners' request for admissions recited the warning at the end of the factual enumerations, immediately preceding the date and signature lines of the document.

On June 10, 1985, respondent court granted coplaintiffs' motion for summary judgment and denied petitioners' motion. The motion was denied sole-

ly on the ground that petitioners' request for admissions was a nullity by virtue of its inadequate recitation of the required statutory warning. This petition followed.

## CONTENTION

Petitioners contend respondent court erred in failing to give effect to their request for admissions, in that the court's reliance on *Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286 [190 Cal.Rptr. 853] was misplaced. For the reasons set forth below, we agree.

## DISCUSSION

Code of Civil Procedure section 2033, subdivision (a), provides in pertinent part: "Each of the matters of which an admission is requested shall be deemed admitted, provided that the original request contained substantially the following words at the end thereof: 'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted'. . . ." In *Hernandez* v. *Temple, supra,* 142 Cal.App.3d 286, this division held, "a warning contained in the middle of the introductory paragraphs of a request [for admissions] does not meet the legislative requirement that the warning be placed at the end of the 'original request.'" (At p. 290.) We reasoned: "Our determination whether the matters regarding which admission was requested have been deemed admitted turns upon the requirement that the warning of the 'original request' be 'at the end thereof.' In *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 246 . . ., the court was faced with the question whether placement of the warning at the end of the introductory portion of the request meets the requirement that the warning be at the end of the 'original request.' Noting that the required statement was at the end of the 'request portion' of the document and that the numbered requests then followed, the *Billings* court held that the party propounding the request for admissions had complied with Code of Civil Procedure section 2033.

"Such a construction better achieves the clear statutory purpose of providing adequate notice of the consequence of failure to respond than does the construction proposed by the dissenting opinion. The construction proposed by the dissenting opinion would allow the warning to be buried in the middle of a lengthy introductory portion of the document as long as the warning was placed immediately following language of request. We do not believe this latter construction was intended by the Legislature. Although the statute expressly permits the language of warning to vary slightly from

the language it suggests, the statute's requirement that the warning be placed at the end of the request portion of the document is unqualified." (*Ibid.*)

*Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823 [197 Cal.Rptr. 175] followed *Hernandez. Hansen* involves a factual situation similar to but far more egregious than that present in *Hernandez.* In *Hansen,* the statutory warning was placed in the middle of introductory paragraphs in a document which combined interrogatories with a request for admissions. The two categories were not clearly separated; instead, a handful of enumerated facts requested to be admitted were buried in hundreds of interrogatories. *Hansen* interprets *Hernandez* as follows: "The court approved the apparent conclusion in *Billings* v. *Edwards*[, *supra,*] 120 Cal.App.3d 238, 246 . . ., that the caveat need not be placed at the end of the list of enumerated requests so long as it appears at the end of 'the request portion of the document,' immediately before the 'numbered requests.' But the court rejected a proposal that 'would allow the warning to be buried in the middle of a lengthy introductory portion of the document as long as the warning was placed immediately following language of request.'" (*Hansen, supra,* 149 Cal.App.3d at p. 828.) Consonant with this interpretation, *Hansen* concluded the warning at issue therein is improperly placed. (See also *Enfantino* v. *Superior Court* (1984) 162 Cal.App.3d 1110 [208 Cal.Rptr. 829].)

*Barnett* v. *American-Cal Medical Services* (1984) 156 Cal.App.3d 260 [202 Cal.Rptr. 735] was the next case to consider this issue. In *Barnett,* the statutory warning followed the enumeration of the specific facts requested to be admitted, immediately preceding the date and signature lines of the document. In holding this placement adequately complies with Code of Civil Procedure section 2033, subdivision (a), *Barnett* does not contradict or decline to follow *Hernandez.* (But see *Mutual Mortgage Co.* v. *Avis* (1986) 176 Cal.App.3d 799 [222 Cal.Rptr. 342].) Instead, the court distinguishes *Hernandez* on its facts and, noting the reliance on *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238 [174 Cal.Rptr. 722], explains: "In *Billings* appellants argued the statutory warning should have been at the end of the enumerated requests, as they are here, rather than following the introductory portion of the document. The court dismissed the argument, noting, 'The required statement is at the end of the request portion of the document. The numbered requests then follow. Plaintiff could not have been misled and would have been clearly warned in compliance with section 2033.' (*Id.,* at p. 246.) The same rationale applies in this case. (See also *Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823, 828 . . . .)" (*Barnett, supra,* 156 Cal.App.3d at p. 264.) The court concludes *Hernandez* is inapplicable; in *Barnett,* the party receiving the request could not have been misled and was clearly warned: "The warning was not hidden in the middle of introductory language as it was in *Hernandez,* but placed at the end of the orig-

inal document requesting the admissions." (*Id.*, at p. 265; accord, *Freshman, Mulvaney, Comsky, Kahan & Deutsch* v. *Superior Court* (1985) 173 Cal.App.3d 223, 231 [218 Cal.Rptr. 533].)

We agree with the distinctions drawn in *Barnett. Billings,* of course, should not be read as holding the statutory warning *must* appear "at the end of the request portion of the document"; it simply holds it is sufficient if it does appear there. (*Billings* v. *Edwards, supra,* 120 Cal.App.3d at p. 246.) And *Hernandez* goes no farther than to condemn placement of the warning in the middle of introductory material. (*Hernandez* v. *Temple, supra,* 142 Cal.App.3d at p. 290.)

It is noteworthy that the document at issue in *Billings* is substantially identical to the form request for admissions adopted by the Judicial Council in 1983. The statutory warning appears in bold type immediately above the date and signature lines. The preceding paragraphs identify the document as a request for the admission of the truth of certain facts, specify the time in which a response is due, and relate certain other explanatory and definitional matters. The enumerated facts requested to be admitted follow on successive pages. Hence, *Billings* need not have characterized the warning as appearing "at the end of the request portion," but could have characterized it as appearing at the end of the *document,* in that it immediately precedes the signature of the propounder. That is the interpretation given to the placement of the warning at the identical location in the Judicial Council form; additional pages enumerating the facts requested to be admitted are referred to as attachments.

The problem lies in the language of the statute itself. While Code of Civil Procedure section 2033, subdivision (a), is unequivocal in requiring placement of the warning "at the end of the original request" or, per *Billings,* "at the end of the request portion," those phrases each lend themselves to more than one reasonable interpretation. The literal language of request is found in the introductory portions of a request for admissions, yet it is only the succeeding factual enumerations which clearly identify the nature of the request. Consequently, "the end of the request portion" can as readily be interpreted as the end of the factual enumerations as it can the end of the introductory material. Similarly, if section 2033 is read as a whole, the language of the statute readily supports an interpretation that the warning properly appears at the end of the factual enumerations. Throughout section 2033, the terms "a request" or "the request" are used to refer to the document; the plural, "requests," is used to refer to the factual enumerations within the document. Hence, the phrase "the original request" logically is interpreted as "the original requesting document."

The vital factor, however, is the intent underlying inclusion of the proviso in section 2033, subdivision (a). ■ The obvious purpose of the require-

ment that the statutory warning be given is to avoid the use of section 2033 as a trap for the unwary. Hence, as *Barnett* notes, relying on *Billings*, " 'the important consideration is that the party served with the request could not have been misled and was clearly warned in compliance with section 2033.' " (*Barnett* v. *American-Cal Medical Services, supra,* 156 Cal.App.3d at p. 265, quoting from *Hernandez* v. *Temple, supra,* 142 Cal.App.3d at pp. 292-293, dis. opn. of Lillie, J.) Burying the statutory warning in the middle of introductory paragraphs does not meet that criterion, but placing it either at the end of introductory language of request or at the end of the factual enumerations, immediately preceding the signature line, does.

Inasmuch as either placement fulfills the purpose of section 2033, subdivision (a), either should suffice. A "strict construction" requiring one or the other placement simply exalts form over substance. ■ Accordingly, since the statutory warning in the instant matter appeared at the end of the factual enumerations, immediately preceding the signature line, we hold it must be given effect as it was in *Barnett.*

Real party argues the Legislature could not possibly have meant that the warning be placed there, because the last page of a document is likely to become detached and, consequently, lost. It reasons the warning would be wholly ineffective were it to be placed on a portion of the document so easily lost. The argument borders on the fatuous. Every important document involved in a legal proceeding, from pleadings to notices, motions and judgments, concludes with a signature line. The absence of any page containing a signature of the document's propounder clearly signals that the document is incomplete and triggers an inquiry into that circumstance. Given the importance of the signature line, the placement of such a vital warning immediately before the signature is quite logical.

■ Real party further argues issuance of a writ would be improper, in that the "deemed admitted" notice, undisputably served by certified mail, return receipt requested, nonetheless is ineffective. Notice was mailed to the counsel of record rather than to real party itself. ■ We note initially that this point never was raised in respondent court. However, the issue involves a question of law only and has a direct bearing on whether petitioners are entitled to relief, notwithstanding respondent court's error. Accordingly, we exercise our discretion to decide the issue. (*Muffett* v. *Royster* (1983) 147 Cal.App.3d 289, 300 [195 Cal.Rptr. 73].)

■ Real party's argument is twofold: (1) Code of Civil Procedure section 2033 expressly authorizes service of a "deemed admitted" notice *only* on a party and *not* on his or her attorney; and (2) constitutional prin-

ciples of due process of law require that service be made only on a party rather than counsel. The latter prong of the argument merits no discussion.

Subdivision (d) of section 2033 provides: "Service upon a party of any request for admission or response under this section may be made upon any party or the party's attorney in the manner provided in Chapter 5 (commencing with Section 1010) of Title 14 of Part 2." To real parties, subdivision (d) means that *only* a request or a response may be served upon a party's attorney, while other documents, including a "deemed admitted" notice must be served directly on the affected party. In our view, such a construction is wholly illogical.

Code of Civil Procedure section 465 requires that copies of all pleadings subsequent to the complaint must be "served upon the adverse party or his attorney." Section 1014 expressly states: "After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given." Section 1010 provides: "Notices and other papers may be served upon the party *or attorney* in the manner prescribed in this chapter, when not otherwise provided by this code." (Italics added.) Service of written interrogatories may be made upon a party or his attorney (Code Civ. Proc., §§ 2020, subd. (e); 2030, subd. (e)), as may a request or order for the identification and production of documents and things (Code Civ. Proc., § 2031, subd. (c)) and any motion or order for physical, mental or blood examination (Code Civ. Proc., § 2032, subd. (c)). Even a subpoena may be served on a party's attorney. (Code Civ. Proc., § 1987, subd. (b).)

By real party's interpretation of section 2033, subdivision (d), of all the intervening steps between placing a matter at issue and judgment, *only* the giving of a "deemed admitted" notice would require direct service on the party rather than his or her counsel of record. Yet no unique consequence attends the service of that notice. While the matters set forth in the request for admissions will be deemed admitted unless the recipient seeks relief within 30 days, and that may have the consequence of foreclosing a trial on the merits, similarly drastic consequences attend other notices which may be given to a party's attorney. Failure to appear for a deposition or to answer interrogatories may result in dismissal or judgment by default. (Code Civ. Proc., § 2034, subd. (d).) Disobedience to a subpoena may result in contempt (Code Civ. Proc., § 1991) or the forfeiture of $500 in sanctions (Code Civ. Proc., § 1992). Failure to provide further responses to a request for admissions upon court order will result in the relevant facts being deemed admitted. (Code Civ. Proc., § 2034, subd. (a).)

Considered in this context, the entirety of subdivision (a) of section 2033 refers to service of various documents—the request for admissions, any

response thereto, any objection thereto, notice of any motion for further responses, copies of the request and/or response and the "deemed admitted" notice—on a party or parties. The sole distinction is that no *manner* of service is specified except as to the "deemed admitted" notice, which must be served by certified or registered mail, return receipt requested. It is clear that subdivision (d) of section 2033 simply refers to the *manner* in which certain documents may be served, not upon whom service is to be made.

The service of notice of any motion relating to a request for admissions is covered directly by section 1010. Subdivision (d) of section 2033 specifies that sections 1010 through 1018 apply also to the service of the request and/or response. The importance of these sections lies in the specification of the various methods by which service generally may be made. The primary method employed once a case is at issue, service by mail, is governed by sections 1012 through 1013a. Hence, reading section 2033, subdivision (d) with sections 1010, 1012 and 1013, every document connected with a request for admissions may be served by ordinary mail—with one exception, the "deemed admitted" notice. The reason for that exception is obvious; section 2033, subdivision (a), expressly requires service of that one document by certified or registered mail, return receipt requested.

Since the exclusion of the "deemed admitted" notice from the provisions of subdivision (d) makes far more sense on this ground than on the ground proffered by real party, subdivision (d) must be construed accordingly. It follows that service of the "deemed admitted" notice on real party's counsel of record was not defective.

■ Real party also contends the writ should not issue, in that the record discloses as a matter of law an equitable basis for denying effect to the admissions. *Billings* v. *Edwards, supra,* 120 Cal.App.3d 238 holds the trial court has inherent equitable power to grant relief where a default has been taken through extrinsic fraud or mistake, notwithstanding that the party seeking relief has failed to do so within 30 days, as required by Code of Civil Procedure section 2033, subdivision (a). (At p. 245.) Real party did not seek relief on equitable grounds when opposing petitioners' motion for summary judgment, and no evidence was before the court which might have justified such relief. However, real party subsequently did present evidence in support of its motion to set aside on equitable grounds the summary judgment granted in favor of petitioners' coplaintiffs. That evidence is part of the instant record.

■ Extrinsic fraud or mistake is that which "deprives the unsuccessful party of an opportunity to present his case to the court." (*Westphal* v. *Westphal* (1942) 20 Cal.2d 393, 397 [126 P.2d 105].) Extrinsic mistake

entails a party's excusable neglect in failing to present his claim or defense, thereby resulting in an unjust judgment without a fair adversary hearing. (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 471 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368].)  ██  Relief will be granted when the default is the result of excusable mistake or neglect on the part of a party's attorney or the attorney's total failure to represent the client. (*Westinghouse Credit Corp.* v. *Wolfer* (1970) 10 Cal.App.3d 63, 69 [88 Cal.Rptr. 654].) If the attorney has not totally failed to represent the client, but has been guilty of inexcusable neglect, relief will not be granted. (*Vartanian* v. *Croll* (1953) 117 Cal.App.2d 639, 644-646 [256 P.2d 1022].)

██  In the instant matter, there is no evidence of mistake, excusable or inexcusable, on the part of real party's former counsel and there is no evidence as to the reason for his neglect. Hence, real party has raised a factual issue as to its entitlement to equitable relief only if there is evidence from which it reasonably may be inferred it was utterly abandoned by former counsel. To constitute total abandonment, the dereliction in representation must amount to positive misconduct; otherwise, the party will be charged with his counsel's inexcusable neglect. (*Orange Empire Nat. Bank* v. *Kirk* (1968) 259 Cal.App.2d 347, 353-354 [66 Cal.Rptr. 240].)

Real party presented evidence it discovered in late 1984 that former counsel, Peter Wucetich, had neglected a number of matters and therefore decided to replace him. Real party notified him of this decision on January 8, 1985, shortly before the request for admissions was served, and he agreed to cooperate in the substitution of new counsel and to keep that counsel informed of all pertinent dates and deadlines. Nevertheless, real party was not notified either of the request for admissions or of the "deemed admitted" notice. There is no evidence as to whether Attorney Wucetich in fact failed to inform substitute counsel of these documents or so totally neglected the underlying matter as to deprive real party entirely of legal representation.

The facts asserted are akin to those deemed insufficient in *Westinghouse Credit Corp.* v. *Wolfer, supra,* 10 Cal.App.3d at p. 69 and *United States* v. *Duesdieker* (1931) 118 Cal.App. 723, 725 [5 P.2d 916]. It necessarily follows that real party has failed to establish as a matter of law that it is entitled to equitable relief.

Real party additionally argues, even if effect must be given to the factual enumerations deemed admitted, issuance of a writ directing respondent court to grant summary judgment to petitioners would be improper. Specifically, real party asserts: (1) petitioner Maria Lopez is not entitled to summary judgment, in that she has failed to state a cause of action for loss of

consortium; and (2) inasmuch as no representations were made to petitioners, there is no admission of real party's intent that coplaintiff Lillian Lopez or any other person rely on any misrepresentation and there is no proof of actual reliance, the facts deemed admitted do not establish fraud as a matter of law.

As noted *ante,* petitioners' motion for summary judgment was opposed solely on the ground the facts enumerated in their request for admissions could not be deemed admitted due to the inadequacy of the warning; hence, respondent court never considered the merits of petitioners' motion for summary judgment. ■ While determination of the merits presents only questions of law and this court therefore has the discretion to address the issue on appeal (*Muffett* v. *Royster, supra,* 147 Cal.App.3d at p. 300), we consider it wiser to leave the resolution of the questions posed to respondent court in the first instance. Accordingly, we decline to address the remaining points raised by real party.

Let a peremptory writ of mandate issue directing respondent court to vacate its order, filed June 10, 1985, denying without prejudice petitioners' motion for summary judgment and finding the request for admissions a nullity, and to consider anew the merits of petitioners' motion for summary judgment, upon a finding that the facts enumerated in petitioners' request for admissions are deemed admitted.

Lucas, J., and Pitts, J.,* concurred.

A petition for a rehearing was denied March 21, 1986, and the petition of real party in interest for review by the Supreme Court was denied June 5, 1986. Reynoso, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.