**UNITED STATES of America, Plaintiff,**

v.

**$135,290 U.S. CURRENCY.**

**Claim of Mario REYES.**

No. 89 C 8263.

United States District Court,
N.D. Illinois, E.D.

Nov. 13, 1990.

**360**

Fred L. Foreman, U.S. Atty. by Charles E. Ex, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Fred M. Morelli, Jr., Law Offices of Morelli & Cook, Aurora, Ill., for claimant Reyes.

## ORDER

BUA, District Judge.

Claimant Mario Reyes has moved to vacate the default judgment entered against him in this forfeiture action. The motion was referred to a magistrate for his report and recommendation. In his report, the magistrate recommended that the motion to vacate be granted. Additionally, the magistrate suggested that the court follow a bifurcated procedure. The court would rule first on claimant's motion to suppress. If the motion were granted, thereby excluding illegally seized evidence, the government would be given an opportunity to use untainted evidence to show probable cause. Only after the government had made a probable cause showing would claimant be obliged to respond to discovery requests.

The government has filed objections to the magistrate's report and recommendation. For the reasons stated below, this court declines to wholly adopt the magistrate's recommendation. The motion to vacate will be granted *but* contingent upon claimant's compliance with the government's discovery requests. Claimant must answer the government's written interrogatories and document production request within 60 days from the date of this order or the default judgment will stand.

## FACTS

The government brought this forfeiture action pursuant to 21 U.S.C. § 881 on November 6, 1989 to obtain possession of $135,290 in U.S. currency. The currency had been seized from a room registered to Mario Reyes at the Drury Inn Hotel located in Schaumburg, Illinois and from an automobile driven by Mario Reyes. The seizures were the result of warrantless searches. Reyes has not been charged with any crime as a result of the searches and seizures.

Claimant Reyes filed a claim for the currency on December 6, 1989. The government served claimant with written interrogatories and a document production request on December 11, 1989. On December 19, 1989, the court gave claimant until January 18, 1990 to file his answer to the complaint. No answer was filed nor were the interrogatories answered by that date. The court entered an order of default and judgment of forfeiture on January 23, 1990. The government was directed to submit a draft order of forfeiture. A default decree of forfeiture was entered on January 24, 1990.

Claimant moved to vacate the default judgment on January 30, 1990. He stated that he would file answers to the complaint and written interrogatories within 7 days. On February 7, 1990 claimant's counsel moved for an extension of time because he was having difficulty communicating with his client. Claimant's counsel proffered proposed answers to the complaint and interrogatories on that date.

On February 20, 1990, claimant filed a motion to suppress. In addition, claimant filed an answer to the complaint and some answers to the written interrogatories. The motion to suppress and the motion to vacate were continued until March 20,

1990. On March 20, 1990, claimant's counsel told the court that he was unable to contact his client. The court then gave the government leave to respond to claimant's motion to vacate and leave for claimant to reply. The motion was referred to a magistrate for a report and recommendation.

## ANALYSIS

■ Default occurred in this case because of claimant's failure to answer the government's verified complaint, written interrogatories, and document request. A default judgment may be set aside at the discretion of the court upon such terms as are just. Fed.R.Civ.P. 60(b). In order for a court to set aside a default judgment, claimant must show (1) good cause for default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir.1989). The government contends in this case that claimant has not demonstrated these criteria. This court disagrees.

■ Good cause for default may be established through a showing of mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b)(1). The government argues, contrary to the magistrate's report and recommendation, that claimant has not shown excusable neglect. This court believes that claimant has provided sufficient evidence to show excusable neglect. The cause of claimant's default was his inability to communicate with counsel. Claimant's counsel represented to the court many times that he had difficulty communicating with claimant who lives in Texas. Based on counsel's representations, this court can conclude that claimant did not wilfully ignore communications. The actions of a third party were evidently at the root of the communication problem. Claimant was not receiving information from his attorney because claimant was going through a divorce and his wife kept the mail from him. "[R]ule 60(b) is applied liberally in the default judgment context ... where the events contributing to the default judgment have not been in the meaningful control of the defaulting party,

or its attorney." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir.1984). Claimant's inability to communicate with his attorney, through no fault of his own, constitutes excusable neglect.

Further, claimant took quick action to correct the default. Claimant's counsel provided proposed answers to the complaint and written interrogatories within 7 days of moving to vacate the default. The very next time claimant was in court he filed his answer to the complaint along with some answers to the written interrogatories. Although claimant has only partially remedied his default, (*See United States' Response in Opposition to Reyes' Motion to Vacate, Exhibit D*), he has taken prompt steps to begin the curing process.

■ Claimant also has established a meritorious defense. Claimant raises a Fourth Amendment claim "seeking the exclusion of evidence and challenging the existence of probable cause to believe the currency is forfeitable." *Magistrate's Report and Recommendation* at 6. While it would have been more proper for claimant to have raised his defense in a motion for summary judgment, claimant adequately raises the defense in his motion to suppress. The motion and accompanying exhibit provide sufficient facts to support an illegal search and seizure allegation. With this allegation, claimant questions the government's ability to show probable cause and, thus, establishes his defense.

■ The government argues that even if claimant has raised a fourth amendment defense, he has not rebutted all the information in the government's verified complaint. A motion to vacate is not the proper vehicle for holding a de facto forfeiture hearing. The government will have ample opportunity to make its probable cause showing in a summary judgment motion or during the forfeiture trial. If claimant can successfully claim that the evidence from the search and seizure should be excluded because it was illegally obtained, the government will be obliged to establish probable cause with evidence untainted by

the illegal seizure. The government may then argue the evidence it details in its briefs. Once probable cause has been shown, claimant will need to prove by a preponderance of the evidence that the currency was not involved in illegal drug transactions. *United States v. $250,000 in United States Currency*, 808 F.2d 895, 897 (1st Cir.1987).

## CONCLUSION

■ "This circuit has a well-established policy favoring a trial on the merits over a default judgment." *C.K.S. Engineers, Inc.*, 726 F.2d at 1205. Since claimant has satisfied the criteria for setting aside a default, his default may be vacated. However, this court may premise vacating the default on just terms. At this time, claimant has only partially remedied his default. Full remedy would require complete answers to the government's written interrogatories and compliance with the government's document request. The terms for vacating the default are that claimant comply with discovery. Should claimant not comply with discovery, the default judgment will stand.

IT IS SO ORDERED.