[No. A051895. First Dist., Div. Five. Oct. 23, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
ONE PARCEL OF LAND, Defendant;
JERLINE L. WALLACE, Defendant and Respondent.

580

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John A. Gordinier, Assistant Attorney General, and Gary W. Schons, Deputy Attorney General, for Plaintiff and Appellant.

Miller, Starr & Regalia, Jefferson Frazier and Basil S. Shiber for Defendant and Respondent.

OPINION

KING, J.—In this case we hold that a trial court has inherent equitable authority to set aside a default judgment of forfeiture of real property at which drug trafficking had occurred, based on extrinsic fraud or mistake.

The property at issue is a four-plex apartment building in Richmond. The owner, Jerline L. Wallace, is an absentee landlord who lives in Fairfield. On September 22, 1989, the People filed a complaint for forfeiture of the building (Health & Saf. Code, § 11470 et seq.), on the ground cocaine and cocaine base had been possessed for sale and sold on the premises. Wallace, represented by attorney Michael J. Oliver, filed a claim opposing the forfeiture. The People demurred on the grounds the claim did not indicate Wallace's interest in the property and the verification was undated. On November 8, 1989, the court sustained the demurrer and granted Wallace 10 days to file an amended claim, properly dated and describing her interest in the property.

Wallace, still represented by attorney Oliver, did not file the amended claim until December 8, 1989, nearly three weeks after the filing deadline had passed. Five months later the People moved for entry of a default judgment of forfeiture, asserting they had not been served with an amended claim. (The People did not mention that the amended claim had been untimely filed.) Attorney Oliver filed no opposition and did not request oral argument. The court granted default judgment on June 8, 1990.[1]

According to a written declaration by Wallace, she had not heard from Oliver since December 4, 1989, when she signed the amended claim opposing the forfeiture. She learned of the default judgment in July 1990 by independently reviewing the court file, after her tenants told her that people had been inspecting the property. She made numerous attempts to contact Oliver, but he did not return her telephone calls. She then secured new counsel.

On August 21, 1990, Wallace's new attorney obtained a temporary restraining order against a pending sale of the property and filed a motion to set aside the default judgment. The court granted the motion, stating at the hearing that "both justice and equity require the Court to grant the motion to set aside the default." The court rendered an order setting aside the default judgment, and once again granted Wallace 10 days to file an amended claim. ██ The People filed a timely notice of appeal.[2]

 The People contend the court lacked authority to set aside the default judgment because, effective January 1, 1990, a forfeiture judgment is by statute "not subject to Section 473 of the Code of Civil Procedure." (Health & Saf. Code, § 11488.5, subd. (i).) Within the present context, however, this statutory exclusion is inconsequential. The court had *inherent equitable authority*, separate and apart from section 473, to set aside the judgment based on extrinsic fraud or mistake. (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 735-736 [216 Cal.Rptr. 300].)

The People in effect concede this inherent equitable authority by arguing that, in forfeiture cases, such power should be exercised only on a three-part

---

[1] The court also consolidated the forfeiture proceeding with a separate case in which the two claims opposing forfeiture had been mistakenly filed.

[2] Wallace moved to dismiss the appeal as untimely, on the ground it was filed 62 days after she served a file-stamped copy of the order. We denied the motion, which Wallace renews in her brief. Wallace relies on rule 2(a) of the California Rules of Court, which prescribes a 60-day deadline for filing a notice of appeal after a party serves a file-stamped copy of a judgment or appealable order. The copy served by Wallace, however, was incomplete, in that it did not bear the judge's signature or signature stamp. Thus, its service did not give notice that a *completed* order had been entered, as is contemplated by the copy service provision of rule 2(a). Consequently, the service of the incomplete copy did not commence the appeal deadline.

showing similar to that required in federal forfeiture proceedings, where the moving party must show good cause for the default, quick action to correct it, and a meritorious defense. (E.g., *United States* v. *$135,290 U.S. Currency* (N.D.Ill. 1990) 750 F.Supp. 359, 361.) This point, at least, is well taken. ■ These factors are essentially the same as those required by California law for equitable relief based on extrinsic mistake: "first the defaulted party must show that it has a meritorious case; secondly it must articulate a satisfactory excuse for not presenting a defense to the original action; and lastly it must demonstrate that it was diligent in seeking to set aside the default once it had been discovered." (*Aldrich* v. *San Fernando Valley Lumber Co., supra,* 170 Cal.App.3d at p. 738.)

■ The People assert that Wallace's motion and the court's ruling were based on Code of Civil Procedure section 473. This is a half-truth. Although the written motion was captioned a "motion under CCP § 473," Wallace's counsel urged the court's inherent equitable authority as an *alternative* ground for relief, both in a written reply to the People's opposition and at the hearing on the motion. The court mentioned at the hearing that the People could recover reasonable costs under section 473 (deferring any determination of that point), but the court also cited "both justice and equity" as a basis for setting aside the default judgment, indicating reliance on inherent equitable authority as an independent basis for granting relief from the default judgment. Absent any contrary indication in the record, we must presume the court relied on such authority as an independent basis for relief. (See *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193] [all presumptions are indulged to support order on matters as to which record is silent].)

In short, the court had inherent equitable authority, and presumably exercised that authority, to grant relief from the default judgment based on extrinsic mistake.[3] ■ The only remaining issue is whether the required three-part showing was made.

The first of the three pertinent factors is whether Wallace showed she has "a meritorious case." (*Aldrich* v. *San Fernando Valley Lumber Co., supra,* 170 Cal.App.3d at p. 738.) She is entitled to retain the property unless the People prove she "knew or should have known of facts which made the property subject to forfeiture." (Health & Saf. Code, § 11488.5, subd. (h).) Her declaration in support of the motion to set aside the default judgment stated, "I have never knowingly allowed drug dealing to occur from the

---

[3]Because of this conclusion, we need not address Wallace's claims that the statutory exclusion of Code of Civil Procedure section 473 from forfeiture proceedings should not apply retroactively to this case, and that elimination of the court's inherent equitable authority in forfeiture proceedings would constitute a denial of due process.

property nor have I knowingly rented the units to people I knew were drug dealers." In light of this declaration and the fact she did not reside on or near the premises, a meritorious case was demonstrated.

The second factor is whether Wallace articulated a satisfactory excuse for not presenting a defense to the forfeiture action. (*Aldrich* v. *San Fernando Valley Lumber Co., supra,* 170 Cal.App.3d at p. 738.) On this point she asserted attorney Oliver's transgressions. ■ For attorney misconduct to support equitable relief from a default judgment due to extrinsic mistake, there must have been "neglect of an extreme degree amounting to positive misconduct" by counsel, rather than mere inexcusable neglect, sufficient to obliterate the attorney-client relationship and thereby preclude any imputation of counsel's neglect to the client. (*Id.* at pp. 738-739; see also *Lopez* v. *Superior Court* (1986) 178 Cal.App.3d 925, 935 [223 Cal.Rptr. 798].) "Positive misconduct is found where there is a total failure on the part of counsel to represent his client." (*Aldrich* v. *San Fernando Valley Lumber Co., supra,* 170 Cal.App.3d at pp. 738-739.) ■ Attorney Oliver's untimely filing of the amended claim was mere inexcusable neglect, but his absolute failure to oppose the default judgment motion, as well as his apparent failure to return any of Wallace's telephone calls, suggests positive misconduct through a total failure to represent his client. (Cf. *ibid.* [positive misconduct by counsel who had been suspended from practice of law and had failed to oppose motion to dismiss for failure to comply with order compelling answers to interrogatories].) Thus, the second factor was also present.

The third factor—whether Wallace "was diligent in seeking to set aside the default once it had been discovered" (170 Cal.App.3d at p. 738)—was indisputably present. She secured new counsel and sought relief from the default within a month after she discovered it by independently inspecting the court file.

We therefore conclude that Wallace made an adequate showing of all three factors essential to an exercise of the court's inherent equitable authority to set aside the default judgment based on extrinsic mistake. ■ "A motion to set aside a default judgment is addressed to the sound discretion of the trial court, and, in the absence of a clear showing of abuse of discretion where the trial court grants the motion, the appellate court will not disturb the order." (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854 [48 Cal.Rptr. 620, 409 P.2d 700].) The three pertinent factors having been demonstrated, the court did not abuse its discretion in granting relief.[4]

---

[4]The People also contend the entry of default judgment was proper because it was mandatory (rather than merely permissive) absent a timely claim opposing forfeiture. (Health & Saf. Code, § 11488.5, subd. (d) [court "shall" declare property subject to forfeiture if claim

The order is affirmed.

Low, P. J., and Haning, J., concurred.

---

not timely filed].) We need not address this point since, regardless of whether the default judgment was itself correct, the court properly granted relief from it.