[No. D014940. Fourth Dist., Div. One. Dec. 5, 1991.]

COUNTY OF SAN DIEGO, Plaintiff and Appellant, v.
DEPARTMENT OF HEALTH SERVICES, Defendant and Respondent.

## COUNSEL

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, and Leonard W. Pollard II, Deputy County Counsel for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Patricia L. Nagler and Elizabeth Hong, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**KREMER, P. J.**—In this matter certified from the appellate department of the San Diego County Superior Court, the County of San Diego (the County) appeals a municipal court order dismissing its complaint under Health and Safety Code[1] section 1428, subdivision (c), against the State of California Department of Health Services (Department) to perfect a judicial appeal of a decision at a citation review conference. We affirm the order of dismissal.

---

[1]All statutory references are to the Health and Safety Code unless otherwise specified.

## I

### INTRODUCTION

This is an appeal from an order dismissing the County's complaint filed in municipal court. The superior court appellate department, without rendering a written opinion, reversed the municipal court dismissal, but upon request of defendant state certified the case to this court for further consideration. We affirm the order of dismissal entered by the municipal court.

## II

### FACTS AND PROCEDURAL BACKGROUND

This case arises from the imposition of a $500 civil penalty for patient abuse at Edgemoor Geriatric Hospital. The hospital is a "long-term health facility" operated by the County under a license issued by the Department. The licensing and administration of long-term health facilities are governed by the "Long-Term Care, Health, Safety, and Security Act of 1973" (the Act), contained in section 1417 et seq.

The Act contains provisions for the Department's inspection of licensed health facilities (§ 1422) and issuance of citations and penalties for violations (§§ 1423, 1424). A licensee may contest citations by using an administrative appeals process and, if still dissatisfied, by then prosecuting a judicial appeal. (§ 1428, subd. (c).) The Act imposes special time limitations respecting both the administrative and judicial appeal processes. Of importance in this case is section 1428, subdivision (c)'s requirement that after a judicial appeal is at issue (i.e., after the answer has been filed by the Department) the appealing party must file an at issue memorandum within six months.

In this case the Department issued a citation alleging patient abuse at the hospital. After using the administrative review processes without satisfaction, the County as proprietor of the hospital filed its complaint seeking judicial review. After the Department answered the complaint, the County did not file an at issue memorandum within the next six months. The Department therefore filed a motion to dismiss the complaint. The County responded by (1) tendering a tardy at issue memorandum and (2) filing a request for relief from the six-month time limitation on the ground of excusable neglect of counsel, relying on Code of Civil Procedure section 473. The municipal court denied the County's motion for relief and granted the Department's motion to dismiss. Having transferred the case to this court, we review anew the order of the municipal court.

## III

### DISCUSSION

 The legal question certified to us is whether Code of Civil Procedure section 473 is available to a licensee who does not timely file an at issue memorandum as required by section 1428, subdivision (c). Section 1428, subdivision (c), provides in relevant part: "Notwithstanding any other provision of law, for those citations issued after January 1, 1988, a licensee prosecuting a judicial appeal shall file and serve an at issue memorandum pursuant to Rule 209 of the California Rules of Court by July 1, 1988, or within six months after the state department files its answer in the appeal, whichever is later. The court shall dismiss the appeal upon motion of the state department if the at issue memorandum is not filed by the facility within the period specified." We conclude judicial relief from the six-month statutory time limitation was not available to the County.

### A

The County contends the express language of section 1428, subdivision (c), authorizes judicial relief from the statute's six-month limit for filing an at issue memorandum. The County relies on a portion of section 1428, subdivision (c), providing "the licensee may seek judicial relief from the time limits specified in this subdivision." However, reasonably read, that language simply provides judicial relief is available for various time limits set forth in section 1428, subdivision (c), other than the six-month limitation for filing an at issue memorandum.

The statutory language cited by the County appears in a sentence of section 1428, subdivision (c), providing in its entirety: "If a licensee fails to notify the director in writing that he or she intends to contest the citation or the decision made by the director's designee within the time specified in this subdivision, or fails to file a civil action within the time specified in this subdivision, the citation or the decision by the director's designee after a citation review conference shall be deemed a final order of the state department and shall not be subject to further administrative review, except that the licensee may seek judicial relief from the time limits specified in this subdivision." That sentence follows and refers to various time limits under section 1428, subdivision (c): e.g., the 15 business days after service of the citation during which the licensee must notify the Department's director of its request for a citation review conference or of its intent to adjudicate the citation's validity in the municipal court; the 15 business days after receipt of the decision of the citation review conference hearing officer during

which the licensee must inform the director of its intent to contest the decision; the 60 calendar days after the licensee informs the director of its intent to contest a citation during which the licensee must file its civil action; and the 60 calendar days after the licensee notifies the director of its intent to contest the decision of the citation review conference hearing officer during which the licensee must file its civil action. (§ 1428, subd. (c).) However, that sentence does not apply to the statute's later provisions requiring dismissal of the licensee's civil action if the licensee does not file and serve an at issue memorandum within six months after the Department files its answer in that action.

 Where different language is used in different parts of a statute, we must presume the Legislature intended a different meaning and effect. (*Charles S.* v. *Board of Education* (1971) 20 Cal.App.3d 83, 95 [97 Cal.Rptr. 422].) Here section 1428, subdivision (c)'s six-month time limit for filing the at issue memorandum is contained in a sentence beginning with the language: "*Notwithstanding any other provision of law* . . . ." (§ 1428, subd. (c), italics added.) Further, the sentence authorizing dismissal for failure to file a timely at issue memorandum contains the mandatory language: "The court shall dismiss the appeal . . . ." (§ 1428, subd. (c), italics added.) In sum, we conclude the plain meaning of the language itself of section 1428, subdivision (c), precluded the County from seeking judicial relief under Code of Civil Procedure section 473 for its failure to file an at issue memorandum within the statutory limitation period of six months after the Department answered the complaint.

### B

Our construction of section 1428, subdivision (c), is buttressed by the legislative history. The last two sentences of section 1428, subdivision (c)—imposing a six-month limitation for filing an at issue memorandum and mandating dismissal for failure to comply with that time requirement—were added by amendment in 1987. (Stats. 1987, ch. 1161, § 2.5, p. 4096.) In determining legislative intent, we may examine legislative committee analyses and the Legislative Counsel's Digest. (*State Farm Mut. Auto. Ins. Co.* v. *Haight* (1988) 205 Cal.App.3d 223, 236-237 [252 Cal.Rptr. 162].)

In its May 1987 report, the Commission on California State Government Organization and Economy (the Little Hoover Commission) recommended enactment of legislation "to reduce the period of time that facilities have to contest 'B' citations, which now may take up to five years." (Com. on Cal. State Gov. Organization and Economy Rep., New and Continuing

Impediments to Improving the Quality of Life and the Quality of Care in California's Nursing Homes (May 1987) p. 3.) According to the commission, "B" citations were essentially "lost." (*Id.* at p. 35.) The commission's report stated: "Facilities may take as long as five years to bring 'B' citations to trial. The five-year period of time that facilities presently have to bring contested 'B' citations to trial serves only to delay the enforcement process which makes cases grow 'stale' and keeps too many contested citations in an unresolved status. Legislation should be enacted which reduces the period of time that a facility has to file a memo to set. A facility must serve a summons on the Director, within 60 days of the issuance of a citation or whenever a CRC [Citation Review Conference] decision is issued and file a memorandum to set within six months from the date that DHS/LCD [Department of Health Services/Licensing and Certification Division] and the AG [Attorney General] has responded to the facility's summons. If a facility has not acted within this period the citation is final; if it carried an assessment, it then becomes due and payable. The present five-year period unnessarily [*sic*] retards the judicial process and makes evidence needed for a fair hearing that much harder to gather or preserve." (*Id.* at pp. 36-37.)

A report for the Assembly Committee on Aging and Long Term Care noted: "The Little Hoover Commission, in its May 1987 follow-up report on the implementation of the Nursing Home Patients Protection Act of 1984, identified a problem of 'lost B' citations. The burden of challenge to 'B' citations lies with facilities, who have five years to bring a case to trial. [¶] The Commission expressed concern that these delays, and the fact that penalties are not being collected, may render the 'B' citation meaningless and have a chilling effect on enforcement efforts. Delays also can result in difficulties gathering or preserving evidence." (Assem. Com. on Aging and Long Term Care, Analysis of Sen. Bill No. 73 (1987-1988 Reg. Sess.) as amended June 22, 1987, at p. 2.)

A report for the Senate Rules Committee stated: "This bill [Senate Bill No. 73] changes court procedures by which long-term care facilities can appeal 'class B' citations issued by the Department of Health Services. [¶] *Assembly Amendments* revise the period for filing and serving of the intent to contest a citation, and require the courts to dismiss a citation appeal upon motion of the Department of Health Services if the issue memorandum is not filed by the facility within the period specified . . . ." (Sen. Rules Com., Analysis of Sen. Bill No. 73 (1987-1988 Reg. Sess.) as amended Aug. 24, 1987, italics in original.) The report identified the Little Hoover Commission as the source of the legislation and included the comments of the Assembly Aging and Long Term Care Committee about the Little Hoover Commission's report.

Both legislative reports stated: "This bill [Senate Bill No. 73] changes court procedures by which facilities can appeal class 'B' citations issued by the Department. [¶] Specifically, the bill would: [¶] 1) Require facilities to serve a summons on the Director 60 days from a filing in Municipal Court, rather than the current three year limit. [¶] 2) Require facilities to bring a case to trial within six months from the Department's response to the appeal, rather than the current five year limit, and allow the court to dismiss the appeal at the Department's request if the facility does not file an issue memorandum in the time specified." (Sen. Rules Com., Analysis of Sen. Bill No. 73 (1987-1988 Reg. Sess.) as amended Aug. 24, 1987.)

The Legislative Counsel's Digest of Senate Bill No. 73 noted the bill would "require the licensee to file and serve an at issue memorandum in the judicial appeal by July 1, 1988, or within six months after the department files its answer to the appeal, whichever is later, and would require the court to dismiss the appeal upon motion of the department if the at issue memorandum is not filed within the specified period." (Legis. Counsel's Dig., Sen. Bill No. 73 (1987-1988 Reg. Sess.) 4 Stats. 1987, ch. 1125, p. 387.)

▪ In sum, the legislative history of the 1987 amendment to section 1428, subdivision (c), indicates an intent to expedite judicial review of licensees' challenges to the validity of citations issued by the Department. Construing the statute to permit judicial relief from the six-month time limitation for filing an at issue memorandum would contravene such legislative intent.

## C

Finally, the County's reliance on *Summit Care-California, Inc.* v. *Department of Health Services* (1986) 186 Cal.App.3d 1584, 1588 [231 Cal.Rptr. 476], is unavailing.[2] The County cites that case as authority for its contention the court under Code of Civil Procedure section 473 may properly grant judicial relief from failure to file an at issue memorandum within section 1428, subdivision (c)'s six-month limitation period. However, the appellate court in *Summit Care-California, Inc.*, did not expressly hold Code of Civil

---

[2]In *Summit Care-California, Inc.* v. *Department of Health Services, supra,* 186 Cal.App.3d 1584, the licensee failed to notify the Department of its intent to contest citations within the five-business day period then required by section 1428, subdivision (a). Ultimately the licensee sought relief under Code of Civil Procedure section 473 about a year and a half after issuance of the citations. The trial court granted the licensee relief under Code of Civil Procedure section 473. The appellate court reversed, noting the licensee was dilatory in seeking such relief. (186 Cal.App.3d at p. 1589.)

Procedure section 473 to be a proper means of relief from time limits under section 1428, subdivision (c). Instead, the appellate court simply stated *"it might well have been appropriate* for the trial court to have exercised its discretion under Code of Civil Procedure section 473 with respect to Summit's failure to contest the CRC decision within five business days had Summit promptly sought judicial relief following its receipt of the Department's letter of May 13, 1985." (186 Cal.App.3d at p. 1589, italics added.)[3] Further, *Summit Care-California, Inc.* was decided before the 1988 amendment to section 1428, subdivision (c), expressly providing for judicial relief from certain of the statute's time limitations. (Stats. 1988, ch. 84, § 1.) The case was also decided before the 1987 statutory amendment adding the six-month limitation period for filing an at issue memorandum and requiring dismissal for failure to comply.

In sum, nothing in *Summit Care-California, Inc.* v. *Department of Health Services, supra,* 186 Cal.App.3d 1584, compels a holding that relief under Code of Civil Procedure section 473 was available to the County for its failure to file an at issue memorandum within the six-month limitation period of section 1428, subdivision (c).

### D

■ Finally, also unavailing is the County's invocation of the court's inherent equitable power independent of Code of Civil Procedure section 473 as a means to prevent injustice.

■ "Extrinsic fraud or mistake is that which 'deprives the unsuccessful party of an opportunity to present his case to the court.' [Citation.] Extrinsic mistake entails a party's excusable neglect in failing to present his claim or defense, thereby resulting in an unjust judgment without a fair adversary hearing. [Citation.] Relief will be granted when the default is the result of excusable mistake or neglect on the part of a party's attorney or the attorney's total failure to represent the client. [Citation.] If the attorney has not totally failed to represent the client, but has been guilty of inexcusable neglect, relief will not be granted. [Citation.]" (*Lopez* v. *Superior Court* (1986) 178 Cal.App.3d 925, 934-935 [223 Cal.Rptr. 798].)

■ Here, as the municipal court reasonably found, the County's attorney's conduct—in failing to log in the date to file the at issue memorandum —was not excusable. Neither did such conduct constitute total abandonment

[3]The appellate court invoked the possible availability of relief under Code of Civil Procedure section 473 as a means to avoid holding the five-day limitation period to be an unconstitutional denial of due process as "unconscionably brief" or " 'manifestly inequitable.' " (*Summit Care-California, Inc.* v. *Department of Health Services, supra,* 186 Cal.App.3d at p. 1588.)

of the client. Instead, counsel's conduct was simply inexcusable. Under these circumstances, the County is charged with its counsel's inexcusable neglect. (*Lopez* v. *Superior Court, supra,* 178 Cal.App.3d at p. 935.) In sum, there was no extrinsic fraud or mistake sufficient to warrant the court's exercising its inherent equitable power to relieve the County from its failure to file a timely at issue memorandum.

On this record the municipal court properly dismissed the County's lawsuit.

## DISPOSITION

The order of dismissal is affirmed.

Todd, J., and Froehlich, J., concurred.